802 F.2d 461
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
AVERY E. WHEELER, Plaintiff-Appellant
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 85-1757.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1986.
 
 BEFORE: KENNEDY and WELLFORD, Circuit Judges; and BROWN, Senior Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-Appellant Avery E. Wheeler ("Plaintiff") appeals from a district court's order affirming the final decision of the Secretary of Health and Human Services denying his application for disability insurance benefits under Title II of the Social Security Act. For the reasons discussed below, we affirm.
 
 I.
 
 2
 Plaintiff was 49 years old on June 30, 1981, the last date on which he was insured for purposes of disability insurance benefits. He has a fifth grade education. He has relevant work experience as a truck driver. Plaintiff claims that he is disabled because of a lower back impairment and because of weakness in his right shoulder and arm.
 
 
 3
 Plaintiff first filed for disability benefits on January 26, 1977. This application was denied initially and on reconsideration. After a de novo hearing on February 17, 1978, an Administrative Law Judge ("ALJ") determined on April 28, 1978 that Plaintiff was not entitled to disability benefits. This decision was affirmed by the Appeals Council on September 11, 1978.
 
 
 4
 Plaintiff filed for disability benefits for the second time on Ocober 16, 1978. This application was denied initially and on reconsideration. A de novo hearing was held before a second ALJ on December 13, 1979. The ALJ determined on March 21, 1980 that Plaintiff was not entitled to benefits. The Appeals Council affirmed the ALJ's decision on August 5, 1980. Plaintiff appealed this decision to the United States District Court for the Western District of Michigan, which, on July 9, 1982, affirmed the ALJ's decision. Thus, the ALJ's determination that Plaintiff was not disabled on or before March 21, 1980 is binding under the doctrine of res judicata, since there is no new and material evidence warranting a reopening of the prior decision.
 
 
 5
 Plaintiff filed a third application for disability benefits on September 10, 1982. The application was denied initially and on reconsideration. A de novo hearing was held before an ALJ on June 30, 1983. On August 19, 1983, the ALJ held that Plaintiff was not entitled to disability benefits. The Appeals Council approved the decision on October 7, 1983.
 
 
 6
 Plaintiff appealed the Secretary's decision to the United States District Court for the Western District of Michigan. On July 24, 1985, the District Court upheld the Secretary's decision to deny benefits. The District Court noted that, in order to be eligible for disability insurance benefits, the Plaintiff must show that he became disabled within the meaning of the Act after March 21, 1980 but before June 30, 1981. The Court found substantial evidence in the record to support the ALJ's determination that Plaintiff had the residual functional capacity for sedentary work and was thus not disabled within the meaning of the Act during the relevant time period. Plaintiff then filed a timely appeal with this Court.
 
 II.
 
 7
 The scope of appellate review of a decision of the Secretary is limited to determining whether substantial evidence exists in the record to support that decision. 42 U.S.C. Sec. 405(g) (1982). "Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "Substantiality of the evidence must be based on the record taken as a whole." Garner v. Heckler, 745 F.2d 383, 388 (6th Cir. 1984).
 
 
 8
 This Court has considered the record before it and the briefs filed by the parties. We adopt the analysis of the District Court in finding that substantial evidence supports the ALJ's determination that Plaintiff did not become disabled within the meaning of the Act between March 21, 1980 and June 30, 1981.
 
 III.
 
 9
 Plaintiff raises an additional issue before this Court, arguing that the Secretary has not met his burden of showing the existence of other substantial work in the national economy in significant numbers. At the hearing a vocational expert indicated that some 36,000 unskilled sedentary sit/stand option jobs were available. If Plaintiff requires a cane to stand (as he alleges), he contends that he could work only as security guard. The vocational expert indicated that there are 9,500 such positions in a regional economy of 3.2 million jobs. Plaintiff alleges that this number, .0029 percent of all jobs in the region, is not "significant," citing Ray v. Secretary of Health, Education and Welfare, 465 F. Supp. 832 (E.D. Mi. 1978) (holding that .00013 percent of jobs available is not a significant number). We find that .0029 percent is a "significant" number within the meaning of 42 U.S.C. Sec. 423(d)(2)(A).
 
 IV.
 
 10
 Accordingly, we AFFIRM the decision of the District Court.