802 F.2d 456
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carolyn M. COWLEY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 85-1606.
 United States Court of Appeals, Sixth Circuit.
 Aug. 15, 1986.
 
 Before KEITH and MARTIN, Circuit Judges, and RUBIN,* Chief District Judge.
 PER CURIAM.
 
 
 1
 Carolyn Cowley appeals the district court's decision affirming the Secretary's denial of Social Securitv disability benefits. Cowley first filed her application for disability benefits in April, 1980, claiming she had become unable to work since August, 1979. Her application was denied both initially and on reconsideration, but on appeal the district judge remanded the case to the administrative law judge for the preparation of an audible recording of the hearing. The second hearing also resulted in a denial of Cowley's claims, which the Appeals Council affirmed. The district court awarded summary judgment to the Secretary, adopting the magistrate's report recommending the denial of Cowley's application for benefits.
 
 
 2
 Cowley argues that the Secretary's finding of no severe impairment was not supported by substantial evidence. On appeal, Cowley's claim of disability was based on venous insufficiency. The claimant was born on February 8, 1946, and has completed the twelfth grade. She last worked in 1979 as a general housekeeper at Hurley Medical Center, a job she had held for almost ten years.
 
 
 3
 In 1979 Cowley, who was thirty-two, was hospitalized with complaints of headache, neck pain, and sinus problems. A venogram was suspicious for the presence of thromboplebitis in the legs. She was treated with muscle relaxants, Heparin, and Couadin, and discharged with the recommendation that she get biofeedback. Cowley underwent biofeedback, and returned to work in June, 1979. However, in August of the same year she injured her back and did not return to work.
 
 
 4
 Four months later Cowley was hospitalized for several weeks with complaints of increased pain in the left leg. A venogram confirmed extensive thrombosis in the veins of the left leg; the right leg was normal. Cowley was treated wih Heparin, and discharged with directions to continue on Couadin. She was taken off Couadin in September, 1980, and was taking no medication for any circulatory problem at the time of the hearing in December, 1983.
 
 
 5
 The record indicates that Cowley's complaints before the administrative law judge centered on her back pain. Not until the filing of her objections to the magistrate's report and recommendation does Cowley argue that her venous insufficiency is of the requisite severity to support a claim for disability. At the hearing before the administrative law judge, Cowley's attorney conceded:"her testimony is clear that her back pain is what bothers her most at the present time. She still has the problem with her legs, but it's not as severe as it was, and that her back pain prevents her from working."
 
 
 6
 Cowley's argument on appeal that the leg pain is nevertheless a "severe" impairment is based entirely on the testimony of one of her treating physicians, Dr. Gibson. Dr. Gibson testified in July, 1981, that Cowley no longer had thrombophlebitis. Dr. Gibson stated: "She has venous insufficiency, which she will have for life. I don't think she will be able to do full time, an eight-hour day, as usual. She may be able on a part-time basis if she had no other problems, to do some work."
 
 
 7
 However, Dr. Gibson's testimony was not supported by the medical evidence in the case, and
 
 
 8
 [w]hile it is true that a treating physician's diagnosis is to be given greater weight in the scale's than the government's physician, that is only appropriate if the treating physician supplies sufficient medical data to substantiate the diagnosis.
 
 
 9
 Kirk v. Secretary of H.H.S., 667 F.2J 524, 538 (6th Cir. 1981); see also Houston v. Secretary of H.H.S., 736 F.2d 365, 367 (6th Cir. 1984).
 
 
 10
 The medical evidence does support the existence of thrombosis in the left leg, but this condtion was cured by Couadin. Dr. Gibson believed Cowley had venous insufficiency in both legs, but more seriously in the right leg. The venogram showed thrombosis only in the left leg. Dr. Gibson did not know . whether he had seen the venogram.
 
 
 11
 Chronic venous insufficiency is listed in the Listing of Impairments at Appendix I to Subpart P of the Social Security Regulations Sec. 4.12. The condition is considered disabling per se if it is associated with "superficial varicosities, extensive brawny edema, statis dermatitis, and recurrent or persistent ulceration which has not healed" after three months' treatment. Appendix 1, Sec. 4.12. Dr. Gibson expressly noted the absence of any indication of these problems in examining the claimant; the only symptom he observed was sweHing in Cowley's legs.
 
 
 12
 The swelling Dr. Gibson noted in Cowley's legs was not observed by any other doctor. Dr. Ouyong, another treating physician, reported that Cowley complained of low back pain "radiating down the right leg" but found no swelling. In July, 1983, Dr. Shah, a board-certified specialist in internal medicine, examined Cowley and reported
 
 
 13
 No swelling or signs of any phlebitis in the legs, and the calf measures 14 inches bilaterany. No swelling, no tenderness, etc. No edema of the legs or calf. Peripheral pulse well palpable. No pitting edema.
 
 
 14
 Cowley testified that she lived in a two-story house and regularly went up and downstairs. She said she could stand for an hour and testified that her walking was limited by her back pain. She admitted that she takes no medication whatsoever for her venous problem, and that several doctors had recommended that she lose considerable weight.
 
 
 15
 The Appeals Council correctly noted that "neither the diagnosis of chronic venous insufficiency nor the need for antigravity measures" is supported by the medical data. The administrative law judge disallowed Cowley's claim . at the second stage, the severity requirement, because only Dr. Gibson's unconfirmed testimony indicated that Cowley's venous insufficiency was severe . and required that she elevate her legs. The administrative law judge found that the venous insufficiency was not a severe impairment, as it did not "significantly limit' her basic work activities. Sec. 404.1520(c).
 
 
 16
 The Secretary's decision must be upheld if it is supported by substantial evidence. 42 U.S.C. 3 13839c)(3); Farris v. Secretary of H.H.S., 773 F.2d 85, 88 (6th Cir. 1985). The sequential disability evaluation procedure is broken down into a five-step inquiry. First, if the claimant is found to be engaged in substantial gainful activity, he is found "not disabled." Second, the claimant must be found to have a severe impairment or impairments, defined in the negative: a nonsevere impairment is one that "does not significantly limit [the claimant's] physical or mental abilities to do basic work activities." 20 C.F.R. Sec. 416.921. It was at this stage that the administrative law judge denied Cowley's benefits.
 
 
 17
 The severity requirement has recently been interpreted by this Court as follows: "an impairment qualifies as non-severe only if, regardless of a claimant's age, education, or work experience, the impairment would not affect the claimant's ability to work." Salmi v. Secretary of H.H.S., 774 F.2d 685, 692 (6th Cir. 1985)" Farris v. Secretary H.H.S., 773 F.2d 85, 889-90 (6th Cir. 1985).
 
 
 18
 Even under this interpretation, we believe that the Secretary's finding of non-severity were supported by substantial evidence. A treating physician's opinion is entitled to deference only if it is supported by adequate medical data. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985); Garner v. Heckler, 745 F.2d 383, 391 (6th Cir. 1984). Because we agree that Dr. Gibson's diagnosis was not based on adequate medical data, we hold that the Secretary's decision was supported by substantial evidence.
 
 
 19
 Judgment affirmed.
 
 
 
 *
 The Honorable Carl B. Rubin, Chief United States District Judge for the Southem District of Ohio, sitting by designation