815 F.2d 705
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ernest A. MOORE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 86-5319.
 United States Court of Appeals, Sixth Circuit.
 March 2, 1987.
 
 Before KENNEDY, JONES and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Ernest A. Moore ("appellant") appeals the decision of the United States District Court for the Western District of Kentucky denying him social security disability benefits. We AFFIRM the District Court's judgment.
 
 I.
 
 2
 On March 9, 1982, an Administrative Law Judge ("ALJ") made the initial decision to deny appellant disability benefits. The Appeals Council affirmed that decision on May 24, 1982. The tape of the original hearing was lost, however, so a second hearing was ordered. On July 23, 1983, a second ALJ recommended that benefits be awarded for the period from October 26, 1979 to March 1, 1981, finding that appellant lacked the residual functional capacity to perform even sedentary work during that period. The ALJ found that appellant was capable of performing a full range of sedentary work after March, 1981, however, and recommended that benefits be denied after that date. The Appeals Council issued its decision on November 11, 1983, and adopted the recommendation of the ALJ. After an oral hearing, a U.S. Magistrate recommended on July 26, 1985 that the Secretary's Motion for Summary Judgment be granted. The Magistrate's decision was adopted by the District Court on February 12, 1986. Appellant appeals the Secretary's determination that he had the residual functional capacity to perform a full range of sedentary work after March, 1981.
 
 
 3
 Appellant was born on September 26, 1941. He has a twelfth-grade education. His past relevant work was as a pumper and a welder in a coal mine. The ALJ determined that appellant has not engaged in substantial gainful activity since October 26, 1979.
 
 
 4
 On April 15, 1977, appellant's L4-5 disc was explored and a herniated disc was removed. Appellant returned to work, and was conservatively treated for several years for intermittent headaches and neck pain. Appellant was readmitted to a hospital in August, 1979, because of neck pain. A cervical myelogram revealed no evidence of intradural or extradural lesions, and spinal fluid was normal. On November 9, 1980, he was admitted to a hospital for exploration of the C-8 nerve root because of persistent neck and left arm pain. Again, the cervical myelogram was normal, although an EMG and nerve conduction studies showed mild changes.
 
 
 5
 On November 14, 1980, Dr. Dominguez, appellant's treating neurosurgeon, advised the Worker's Compensation Board that appellant would be unable to work for at least three to four months while he recuperated from his surgery. On December 12, 1980, he described appellant's neck and arm condition as "entirely asymptomatic." Joint Appendix at 134. On March 30, 1981, Dr. Dominguez advised the State Disability Examiners that appellant's headache, and neck and arm pain had been relieved. Dr. Dominguez stated in a deposition taken on October 6, 1981, that appellant's neck condition caused a 10% permanent disability to his whole body. He stated that appellant would probably be off work for two more months. Dr. Dominguez described appellant's neck pain on May 12, 1981, as being "really not bad" and as probably resulting from wound dehiscence.
 
 
 6
 On November 30, 1981, Dr. Dominguez told appellant's attorney that he did not believe appellant was capable of performing any strenuous work and that at the moment he regarded appellant as "temporarily totally disabled." Joint Appendix at 189. On July 20, 1982, Dr. Dominguez indicated that he thought appellant was capable of doing "light physical work." Joint Appendix at 197. Dr. Dominguez submitted an updated medical report on April 22, 1983, which stated that appellant "remains temporarily totally disabled" and that the length of the disability was unknown. Joint Appendix at 195.
 
 
 7
 Appellants medical file was reviewed by two reviewing physicians. On January 16, 1981, Dr. Borre concluded that appellant's cervical spine was within normal limits and that although appellant had "a significant impairment secondary to his recent surgery," he could eventually return to light work activity. Joint Appendix at 98. Dr. John Clav stated on April 16, 1981, that appellant was disabled by his recent surgery but was recovering well and was not expected to be disabled for a period of 12 months.
 
 II.
 
 8
 Appellant contends that he is incapable of working because of the pain he suffers. Appellant testified at the ALJ hearing that he had constant pain in his left shoulder and down his left arm. He stated that he was incapable of sitting or standing for more than one hour at a time. He also stated that every few months, his neck would swell and remain swollen for two or three weeks.
 
 
 9
 Dr. Dominguez stated during his deposition that his conclusions that appellant was temporarily totally disabled were based primarily on appellant's subjective complaints of pain. The only objective basis for such complaints was the wound dehiscence. Dr. Dominguez did note that appellant's limitations in his straight leg raising and his mildly to moderately restricted neck movements provide some objective evidence of his being disabled. Dr. Dominguez found on February 22, 1983, however, that appellant's neck movements were essentially within normal limits.
 
 
 10
 The ALJ acknowledged that the medical evidence established that appellant had "severe chronic neck and arm pain in the cervical spine," but concluded that appellant did not have "an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulation No. 4." Joint Appendix at 23. Accordingly, he recommended denial of benefits.
 
 III.
 
 11
 The ALJ's findings cannot be overturned unless there is no substantial evidence supporting such conclusions. See 42 U.S.C. Sec. 405(g). "Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citing Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938)). "Substantiality of the evidence must be based upon the record taken as a whole." Garner v. Heckler, 745 F.2d 383, 388 (6th Cir.1984).
 
 
 12
 "In determining the question of substantiality of the evidence, reports of physicians who have treated the claimant/patient over a number of years are to be given greater weight than are reports of physicians employed and paid for by the government for the purpose of defending against a disability claim." Kirk v. Secretary of Health & Human Services, 667 F.2d 524, 536 (6th Cir.1981) (citing Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980)). Broad, conclusory statements by the treating physician that the claimant is "disabled" are not binding on the Secretary, however; rather, the Secretary is responsible for determining whether the medical evidence supports a finding that the claimant is "disabled" within the meaning of the Social Security Act. See 20 C.F.R. Sec. 404.1527; Kirk, 667 F.2d at 538. Moreover, "tolerance of pain is a highly individual matter and a determination of disability based on pain by necessity depends largely upon the credibility of the claimant. Since the ALJ had the opportunity to observe the demeanor of the appellant, his conclusions with respect to credibility 'should not be discarded lightly.' " Houston v. Secretary of Health & Human Services, 736 F.2d 365, 367 (6th Cir.1984) (citing Beavers v. Secretary of Health, Educ. & Welfare, 577 F.2d 383, 387 (6th Cir.1978)).
 
 
 13
 Upon a review of the whole record in this case, the Court finds that the Secretary's decision to deny benefits to appellant is supported by substantial evidence. Accordingly, the judgment of the District Court is AFFIRMED.