833 F.2d 1011
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Talana Faye BROOKS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 87-5004.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1987.
 
 Before WELLFORD and RALPH B. GUY, Jr., Circuit Judges, and HIGGINS, District Judge.*
 PER CURIAM.
 
 
 1
 Claiming disabling neck and back pain, Talana Faye Brooks filed an application for social security disability benefits and supplemental security income. The Secretary and the district court both have denied benefits. We review the Secretary's decision only to determine whether the Secretary's findings of fact are supported by substantial evidence and to decide whether the Secretary employed the proper legal criteria in reaching a conclusion. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984).
 
 
 2
 Brooks' eligibility for disability benefits expired on December 31, 1981. Although Brooks asserted that she had been unable to work since an automobile accident in August 1980, the medical evidence of record indicates that no disability existed on or prior to December 31, 1981. In September 1982 Brooks was diagnosed as having a herniated disc, which may have resulted from the 1980 accident, but this impairment does not provide the basis for an award of disability benefits unless accompanied by disabling effects. The reports of treating and consulting physicians show that Brooks remained in good general health with a normal range of spinal motion at least until July 1982. Thus, we find that substantial evidence supports the Secretary's finding that Brooks failed to prove that she was disabled prior to December 31, 1981, and that, therefore, she was not entitled to disability benefits.
 
 
 3
 The administrative law judge, however, did find that the physical impairments clinically identified by Brooks' physicians during the summer of 1982 would interfere significantly with Brooks' ability to work. Nonetheless, he concluded that Brooks' refusal to undergo disc surgery as recommended by her treating neurosurgeon prevented her recovery of supplemental security income. A claimant is not entitled to supplemental security income if he does "not follow the prescribed treatment without a good reason." 20 C.F.R. Sec. 416.930 (1987). In applying social security regulations, this court has distinguished treatments "prescribed" by a treating physician from those that are merely "recommended" or "suggested," Fraley v. Secretary of Health and Human Services, 733 F.2d 437, 440 (6th Cir.1984); Young v. Califano, 633 F.2d 469, 473 (6th Cir.1980), and has refused to require a claimant "to undergo any and all surgical procedures suggested by his physician lest he be barred from receiving ... benefits." Fraley, 733 F.2d at 440.
 
 
 4
 It is not clear from the record in this case whether disc surgery was prescribed by Brooks' physician rather than merely suggested or recommended. Nor does the agency record reveal a sufficient inquiry into Brooks' claim that her refusal to undergo surgery was for a good reason. Noticeably lacking are any medical opinions regarding either the likelihood that disc surgery would remove Brooks' disability or the magnitude of the risk of increased disability associated with the proposed surgery. Because of these gaps in the record, we cannot find that the Secretary's denial of supplemental security income is supported by substantial evidence.
 
 
 5
 Upon consideration of the briefs and the record on appeal, this court concludes that the Secretary's denial of disability benefits should be AFFIRMED. The court further concludes that the Secretary's denial of supplemental security income should be REVERSED and the matter REMANDED to the agency for further proceedings consistent with this opinion.
 
 
 
 *
 THE HONORABLE THOMAS A. HIGGINS, United States District Court for the Middle District of Tennessee, sitting by designation