Douglas GARNER, Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.

No. 83–5637.

United States Court of Appeals, Sixth Circuit.

Argued July 31, 1984.

Decided Oct. 5, 1984.

upon all of his current benefits for such needs.

Joseph Kelley (argued), Monhollon, Bruce & Kelley, Greenville, Ky., for plaintiff-appellant.

Ronald E. Meredith, U.S. Atty., Philip Dunnagan (argued), Asst. U.S. Atty., Louisville, Ky., for defendant-appellee.

Before EDWARDS, Circuit Judge, BROWN, Senior Circuit Judge, and DOWD, District Judge.*

DOWD, District Judge.

Douglas Garner instituted this action in federal district court pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3) for judicial review of a final decision of the Secretary of Health and Human Services denying his application for the establishment of a period of disability and the award of disability insurance and supplemental security income (SSI) benefits. The district court upheld the Secretary's decision and Garner appeals to this Court. For the reasons stated below, we reverse the judgment of the district court and remand this case to the district court with directions to remand to the Secretary for an award of disability insurance and SSI benefits.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Garner is a 26-year-old man. He attended school through the 10th grade and engaged in past relevant work as a heavy

---

* Honorable David D. Dowd, Jr., United States District Court for the Northern District of Ohio, sitting by designation.

laborer in a paper mill. His physical impairments are the result of a fractured spine he sustained in a July 1975 automobile accident and two injuries he sustained in work place accidents during September 1979.

Garner filed an application for establishment of a period of disability and the award of disability and SSI benefits on December 11, 1980, alleging that he had become unable to work on September 30, 1979, due to neck and spine injuries. This application was denied. At the plaintiff's request, an administrative law judge (ALJ) heard this case *de novo* on September 2, 1981. In a decision dated January 26, 1982, the ALJ denied Garner's claim for benefits. In relevant part, the ALJ found:

1. The claimant met the special earnings requirements of the Act on September 30, 1979, the date that the claimant stated he became unable to work, and continues to meet them through June 30, 1981.

2. The claimant has a cervical spine fracture and a disc lesion in the lumbar spine.

4. The claimant did not have a severe impairment which would have prevented him from engaging in substantial gainful activity at any time through June 30, 1981, the date he last met the special earnings requirement of the Act.

5. Beginning in August 1981, the claimant has a severe impairment but this is not expected to last for twelve continuous months.

6. The claimant is expected to be unable to perform heavy work.

7. The claimant's impairment is expected to improve following his surgery and he should have the residual functional capacity for at least sedentary work.

11. Rule 201.27, Table No. 1 of Appendix 2, Subpart P, Regulations No. 4, directs a conclusion that the claimant, considering his expected residual functional capacity, age, education, and work experience, is not disabled.

12. The claimant has not been disabled within the meaning of the Social Security Act at any time through the date of this decision.

The ALJ's decision became the final decision of the Secretary when the Appeals Council denied review on April 28, 1982.

Garner then filed for judicial review in the United States District Court for the Western District of Kentucky. The case was referred to a magistrate who recommended affirmance of the Secretary's decision. Garner filed objections and the district court affirmed the Secretary's decision, although the district judge modified the basis for the decision. Garner now appeals to this Court.

## II. ANALYSIS

Analysis of Garner's eligibility for disability insurance and SSI benefits involves a number of common issues. To qualify for an award of disability insurance benefits, Garner must be (a) insured for disability insurance benefits, and (b) disabled.[1] *See* 42 U.S.C. § 423(a)(1)(A, D). To qualify for an award of SSI benefits, Garner must be (a) meet certain income requirements, and (b) be disabled. *See* 42 U.S.C. § 1382(a). As Garner's eligibility for benefits under both programs turns on the requirement that he be disabled, we begin our analysis by considering whether Garner is disabled. We will then consider whether he meets the other requirements for an award of benefits under the two programs.

### A. Disability.

The Social Security Act defines disability as the inability

to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or which can be

---

1. The statute also limits eligibility to those claimants who file an application for disability insurance benefits and have not attained the retirement age. *See* 42 U.S.C. § 423(a)(1)(B–C). Neither of these requirements is at issue in this case.

expected to last for a continuous period of not less than twelve months.

42 U.S.C. § 423(d)(1)(A), 42 U.S.C. § 1382c(a)(3)(A). A person is unable to engage in any substantial gainful activity only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A), 42 U.S.C. § 1382c(a)(3)(B). Under these statutes, and the regulations promulgated pursuant to these statutes, a claim of disability must be considered pursuant to the following seven-step analysis:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. *See* 20 C.F.R. § 404.1520(b); 20 C.F.R. § 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. *See* 20 C.F.R. § 404.1508; 20 C.F.R. § 416.908.

3. Does the claimant have any severe impairment(s)—i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520(c), 404.1521; 20 C.F.R. §§ 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. *See* 20 C.F.R. § 404.1509; 20 C.F.R. § 416.909.

5. Does the claimant have any impairment or combination of impairments meeting or equalling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. *See* 20 C.F.R. §§ 404.1520(d), 404.1526(a); 20 C.F.R. §§ 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to Step 7. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work—i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. If no, the claimant is disabled. *See* 20 C.F.R. §§ 404.1505(a), 404.1520(f)(1); 20 C.F.R. §§ 416.905(a), 416.920(f)(1).

The Secretary found Garner not disabled for two reasons. Garner's impairment was not expected to result in death or last for a continuous period of at least twelve months. *See* Step 4, Finding 5. Alternatively, the Secretary's finding that Garner could do sedentary work, in conjunction with the other vocational factors, required a finding of not disabled. *See* Step 7, Findings 7, 11. On appeal, Garner has challenged both bases for the Secretary's finding of not disabled.

■ Judicial review of the Secretary's decision is limited in scope to determining whether the findings of fact made by the Secretary are supported by substantial evidence and deciding whether the Secretary employed the proper legal criteria in reaching her conclusion. *Walston v. Gardner,* 381 F.2d 580, 585 (6th Cir.1967). This Court may not try the case *de novo,* nor resolve conflicts in evidence, nor decide questions of credibility. *Myers v. Richardson,* 471 F.2d 1265 (6th Cir.1972). Rather, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence,

shall be conclusive...." 42 U.S.C. § 405(g).

■ The Supreme Court has stated that "substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Substantiality of the evidence must be based upon the record taken as a whole. *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir.1980), citing *Futernick v. Richardson*, 484 F.2d 647 (6th Cir.1973). "Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the 'substantiality of evidence must take into account whatever in the record fairly detracts from its weight.'" *Beavers v. Secretary of Health, Education and Welfare*, 577 F.2d 383, 387 (6th Cir.1978), quoting *Universal Camera Corp. v. N.L.R.B.*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). "We may not focus and base our decision entirely on a single piece of evidence, and disregard other pertinent evidence." *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir.1978).

In order for Garner to prevail on this appeal, two findings of the Secretary must be reversed: (a) Garner's disability would not last for the required twelve month duration, finding 5, and (b) Garner retained the residual functional capacity to do sedentary work, finding 7. Garner challenged both of those findings at district court level. The district court ruled that "plaintiff was disabled within the eyes of the law for a period of one year from August, 1981

until August, 1982." Slip op. at 2. This statement represents at least an implicit conclusion that the record did not contain substantial evidence supporting either of these critical findings. On this appeal, the Secretary has challenged the district court's ruling as a misapplication of the substantial evidence standard. The Court must now examine the record in this case to determine whether there is substantial evidence to support the Secretary's finding on the durational requirement and residual functional capacity issues.

**i. Durational Requirement.**

The ALJ found that Garner had a severe impairment. *See* Finding 5. The ALJ found, however, that the impairment was not expected to last for twelve continuous months based upon his review of the August 28 and December 7, 1981, reports of Dr. Donley, Garner's surgeon.[2] In those reports, Dr. Donley opined that Garner was unable to work as of August 1981, but that he would be able to return to work in other than heavy labor approximately six months after surgery, then scheduled for January 19, 1982. The projected recovery date, July 19, 1982, six months following surgery, was less than twelve months from the onset date of Garner's severe impairment fixed by the ALJ. Thus, the ALJ concluded that Garner did not meet the durational requirement of twelve months.

The district court reversed this finding based upon Dr. Donley's post-surgery report dated February 10, 1982. That report indicates that plaintiff's post-operative

---

2. As the content of these reports is critical to the evaluation of the merits of this controversy, the Court will set them out in full. Dr. Donley's August 28, 1981, report stated that

Patient presented himself to the Trover Clinic and Regional Medical Center for evaluation of his cervical spine fracture and low back pain. Patient's initial date of examination was April 29, 1981. He was admitted to the Regional Medical Center on August 24th and discharged August 28, 1981. Patient has unstable cervical spine fracture with intermittent neurological problems. He has undergone C.A.T. scanning, myelographic studies. He has a central disc lesion at L4–5, lumbar spine. He is to undergo halo application with

anticipation of cervical fusion in the preceding 2–3 months. Patient's basic problem is one of pain. He is unable to work at this particular time and is totally disabled. After surgical correction and pain relief the patient certainly would be an employable candidate but certainly not in a heavy laboring market. There would be a problem of rehabilitation programs in order to find him satisfactory employment to return him to a functional member of society.

The December 7, 1981, report stated that

The patient has been scheduled for surgery on January 19, 1981. Recovery time will be approximately six months.

course was complicated by pain and numbness of both lower extremities and hyperreflexia. Dr. Donley concluded that Garner's condition "had not changed any significantly from his pre-operative condition." Based upon this evidence, the district court reversed the Secretary's finding that Garner did not meet the durational requirement because

> Dr. Donley, who predicted that he would improve following surgery, later reported after the surgery in January, 1982, that there had been no improvement in plaintiff's impaired condition.

Slip op. at 2. Under the district court's view, as Garner had a severe impairment as of August 1981, and the surgery which may have corrected that impairment was unsuccessful, then the severe impairment continues.[3]

■ The Secretary challenges the district court's conclusion by arguing that there is substantial evidence in the record to support the Secretary's conclusion that Garner's severe impairment will not continue for the required twelve-month period. Initially, the Secretary argues that Garner never had a severe impairment. In making this argument, the Secretary relies upon the reports of other doctors who examined Garner and rendered opinions which would support a finding that Garner never had a severe impairment. The Secretary, however, made a finding, based upon Dr. Donley's reports, that Garner indeed had a severe impairment. Having made such a finding, the Secretary may not challenge that finding in this proceeding.

■ Alternatively, the Secretary urges reversal of the district court's conclusion that Garner's severe impairment would continue for the required twelve month durational period. The Secretary's initial finding of a severe impairment was based upon the August 28, 1981 report of Dr. Donley. The Secretary has presented no evidence suggesting a change in Garner's condition after August 1981. In fact, the only evidence in the record is Dr. Donley's February 10, 1982 report indicating that Garner's condition had not improved. Further, the Court must presume that Garner's back injury, which constituted a severe impairment in August 1981, continues to constitute a severe impairment until such time as there is medical evidence to the contrary. *See Crosby v. Schweiker*, 650 F.2d 777, 778 (5th Cir.1981); *cf. Haynes v. Secretary*, 734 F.2d 284 (6th Cir.1984). As the record is devoid of such evidence, the Court concludes that the only conclusion which can be supported by substantial evidence in the record is that Garner's severe impairment would meet the durational requirement.

### ii. Residual Functional Capacity

The Court next turns to the Secretary's finding that Garner retains the residual functional capacity for sedentary work and the Secretary's conclusion that he is therefore not disabled. *See* 20 CFR Subpart P, Appendix 2, Table 1, Rule 201.27. The ALJ found that

> The claimant's impairment is expected to improve following his surgery and he should have residual functional capacity for at least sedentary work.

Finding 7. As this finding does not represent a determination that Garner at that time had, or at any time in the past had, the residual functional capacity to do sedentary work, the Court will refer to the ALJ's evaluation of the evidence for further guidance in interpreting this finding. A review of that evaluation indicates that the finding is based upon Dr. Donley's August 28, 1981, report. In relevant part, that report states that

---

**3.** The Court notes that Dr. Donley's report was not prepared until February 10, 1982, and that the ALJ's hearing decision was filed on January 26, 1982. The report, however, was considered by the Appeals Council. In its action denying review, the Appeals Council selectively summarized Dr. Donley's report making no reference to Dr. Donley's ultimate conclusion that surgery had not changed Garner's condition. Significantly, the Appeals Council's action contains no findings or reasoning to support a conclusion that the severe impairment found by the ALJ would improve before the twelve-month period had passed.

He is unable to work at this particular time.... After surgical correction and pain relief the patient certainly would be an employable candidate but certainly not in a heavy laboring market.

The ALJ did not rely on any of the other medical evidence in making this finding.

■ Dr. Donley's August 28, 1981, report must be considered in the context of his follow-up report of February 10, 1982. The August 28, 1981, report states that Garner was unable to do any work and the February 10, 1982, report indicates that Garner's condition had not changed. Dr. Donley's August 28, 1981, report, therefore, cannot be read to provide substantial evidence for a finding that Garner retains residual functional capacity for sedentary work and must be read as evidence that Garner remains unable to do any work.[4] The only finding which can be supported by substantial evidence in the record is that Garner lacks the residual functional capacity to do any work.

### iii. Conclusion on Disability.

In view of the foregoing analysis, the Court affirms the district court's conclusion that Garner is disabled, thereby reversing the Secretary's finding that Garner was not disabled.

### B. Other Disability Insurance Issue

The alternative basis for the Secretary's denial of Garner's claim for disability insurance benefits was his lack of insured status. The parties do not dispute that Garner's insured status under the disability insurance program terminated on June 30, 1981. As the Secretary found that Garner did not have a severe impairment until Au-

gust 1981, he was thus ineligible for disability insurance benefits. The district court affirmed the Secretary's decision on this basis. Garner has appealed, challenging the Secretary's and district court's determination that he was not disabled prior to the expiration of his insured status.

■ As noted earlier, insured status is a requirement for an award of disability insurance benefits. In order to qualify for an award of disability insurance benefits, Garner must establish "the onset of disability *prior* to the expiration of his insured status." *Gibson v. Secretary*, 678 F.2d 653, 654 (6th Cir.1982). Garner need not prove that he was disabled for a full twelve months prior to the expiration of his insured status on June 30, 1981. He must prove, however, the onset of disability prior to June 30, 1981.

Having concluded that Garner was disabled within the meaning of the Social Security Act, the Court must consider two pieces of evidence in determining the onset date of his disability. Dr. Bennett, a general practitioner, prepared a report dated June 3, 1981, stating that Garner was totally disabled but without making any clinical findings. The other relevant document is Dr. Donley's August 28, 1981 report stating that Garner was "unable to work at this particular time and is totally disabled."

Based on these documents, the ALJ found that Garner had a severe impairment beginning in August 1981. The ALJ discounted Dr. Bennett's report as stating a bare conclusion upon the ultimate issue of disability without making the necessary clinical findings. With regard to Dr. Donley's report, the ALJ indicated that the

---

**4.** Garner was also examined by Dr. Luros, Riherd, and Quader. The ALJ stated that, based on these reports, "there was no evidence to show that Mr. Garner would not be able to perform at least sedentary work." Tr. at 13. These reports, however, cannot be used to support a finding that Garner retains the residual functional capacity to do sedentary work. All of these doctors examined Garner at least six months before Dr. Donley's August 28, 1981, report. The ALJ found that Garner had a severe impairment based solely on Dr. Donley's report.

The ALJ, therefore, must have found that Garner's condition had worsened to the level of constituting severe impairment after his examinations by these other doctors. Any evidence in their reports regarding residual functional capacity, therefore, is not worthy of weight because of the apparent change in Garner's condition after their examinations. These reports, therefore, would not constitute substantial evidence to support a finding that Garner retains residual functional capacity for sedentary work.

language "at this particular time" did not support a finding of disability prior to the date of the report, even though Dr. Donley had examined Garner as early as April 29, 1981. In evaluating Garner's appeal, the Court must now consider whether the ALJ properly evaluated this medical evidence.

■■■■ Decision on the ultimate legal issue of disability is a matter for the Secretary. *See Kirk v. Secretary,* 667 F.2d 524, 538 (6th Cir.1981). The Secretary, however, must make this determination based upon a review of the medical evidence presented. *See* 20 CFR §§ 404.1527, 416.-927. The Secretary is not bound by a broad conclusory statement of a treating physician in making this determination. *See Kirk v. Secretary,* 667 F.2d 524, 538 (6th Cir.1981). A medical report based upon clinical findings of a treating physician, however, must be given more consideration. *See generally,* 20 CFR §§ 404.-1529, 416.929.

■■■■ In this case, the Secretary credited Dr. Donley's report as setting the onset date of disability. Plaintiff, however, challenges the Secretary's refusal to fix an earlier onset date based upon either Dr. Donley's report or Dr. Bennett's statement. Standing alone, Dr. Bennett's conclusory statement was not entitled to significant weight. The statements in the report, however, are supported by the clinical findings contained in Dr. Donley's report. Dr. Bennett's report, therefore, is entitled to significant weight in the Secretary's analysis of the onset date.[5]

■■■■ In view of this evidence, the Court finds that the Secretary's finding of no onset of disability before August 1981 is not supported by substantial evidence. The Court further sets the onset date for plaintiff's disability as June 3, 1981, the date of Dr. Bennett's statement. Accordingly, plaintiff was disabled within the meaning of the Social Security Act during the period when he retained insured status.

**C. Other SSI Issue**

■■■■ At the administrative level, the Secretary found that Garner was not entitled to SSI benefits because he was not disabled.[6] At the district court level, the district court found Garner disabled but denied his claim for SSI benefits because of a lack of insured status. Insured status is not a requirement for eligibility for SSI benefits. The district court's denial of benefits on this basis, therefore, must be reversed.

Accordingly, the Court concludes that Garner is entitled to an award of SSI benefits.

## III. CONCLUSION

Pursuant to the foregoing analysis, the Court reverses the decision of the district court and remands this action to the district court with instructions to remand the action to the Secretary with instructions to award disability insurance and SSI benefits for a period beginning June 3, 1981 and continuing until such time as Garner is no longer disabled or otherwise ineligible for benefits under these programs.

BAILEY BROWN, Senior Circuit Judge.

I respectfully dissent.

With respect to disability benefits, I agree with the district judge that the determination of the Secretary that Garner was not disabled within the meaning of the Act as of June 30, 1981, when he was last insured for disability benefits, is supported by substantial evidence.

---

5. At oral argument, the government conceded that there is no evidence in the record of any change in Garner's condition during the summer of 1981. In fact, the record indicates that the only trauma which can explain Garner's back injuries occurred in 1975 and 1979. In view of this factual background, we believe that the ALJ's refusal to fix the onset date at any time prior to Dr. Donley's August 28, 1981 report was improper because Garner was entitled to a presumption that his back injuries had developed over at least a short period of time.

6. Throughout this litigation, the Secretary has not challenged Garner's eligibility for SSI benefits because of his income or resources.

I would, however, remand to the district court because the district court did, in effect, determine that the Secretary's finding that Garner was not disabled for a period of one year from August, 1981, is not supported by substantial evidence. Since it was not necessary for Garner to show, for purposes of SSI benefits, that he was disabled as of June 30, 1981, there appears to be no reason why the district judge should not have directed the award of SSI benefits. For this reason, it seems to me that the case should be remanded to the district court to reconsider since his conclusion is inconsistent with his finding.