765 F.2d 144
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MOHAMED N. ABDULLA, PLAINTIFF-APPELLANT,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, DEFENDANT-APPELLEE.
 NO. 84-1236
 United States Court of Appeals, Sixth Circuit.
 5/23/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 BEFORE: JONES and KRUPANSKY, Circuit Judges; and HULL* District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Mohamed N. Abdulla (Abdulla), appealed from judgment of the district court granting summary judgment in favor of the Secretary and affirming the Secretary's final decision denying benefits.
 
 
 2
 Abdulla filed an application for Social Security disability insurance benefits on January 18, 1979, alleging that he had become disabled and unable to work on March 23, 1978, at age 37, due to back injury. Benefits were denied initially and upon reconsideration. A requested de novo hearing was conducted on June 13, 1980, before an administrative law judge (a.l.j.) who subsequently concluded that the claimant was able to return to his past employment. The Appeals Council modified and affirmed that decision, and claimant commenced an action in the district court which remanded the case to the Social Security Administration for an additional hearing because the claimant had not been represented by counsel during the first hearing before the a.l.j. A hearing was conducted on October 7, 1982, and the a.l.j. concluded that while Abdulla was unable to return to his past work, he retained the residual functional capacity to perform sedentary work. The Appeals Council affirmed and Abdulla initiated this action in the district court for review of the denial of benefits. Both parties filed motions for summary judgment and the district court adopted the magistrate's recommendation to grant the Secretary's motion. Abdulla appealed.
 
 
 3
 Abdulla was 42 years old at the time of the second hearing, was educated in Yemen where he received a limited education, and could read and speak only a little English. He came to the United States in 1965 and worked for the Chrysler Corporation as a brake shoe assembler, machine operator, janitor, and general laborer until March 1978. He ceased working in March 1978 because he injured his back at work and was experiencing severe pain. Abdulla testified that the back pain prevented him from performing usual work duties and most other daily activities. He said he was unable to sit for prolonged periods, could not stand in one place without pain, and was unable to walk any significant distance. He found it necessary to lie down frequently due to the back pain and could not do any household chores.
 
 
 4
 The a.l.j. determined that '[t]he claimant's allegations of severe and disabling pain are not supported by the clinical findings nor by the overall record and do not provide a basis for a finding of disability.' Abdulla argued on appeal that the pain resulting from his back impairments rendered him completely disabled.
 
 
 5
 While pain alone, when occasioned by a clinically-ascertainable impairment, can be totally disabling, the effect of a particular individual's ability to function despite the pain ultimately hinges upon the a.l.j.'s credibility assessment of that individual. Beavers v. Secretary HEW, 577 F.2d 383 (6th Cir. 1978).
 
 
 6
 The medical evidence in the record demonstrates that while claimant suffers from minimal degenerative changes of the lumbosacral spine, the condition is not functionally limiting as to preclude all forms of substantial gainful activity. Two physical and X-ray examinations by doctors at University of Michigan Hospital did not reveal any significant abnormalities of the back and Dr. Sander Kushner could find no objective evidence of any pathology. Dr. Ahmed Hadied reported in May 1979 that claimant could bend to within six inches of the floor and his extension and hyperextension of the back were essentially normal. In fact, Dr. Hadied specifically noted that claimant 'could manage his job which consists of according to him, standing most of the time and also lifting about 10 lbs.', and stated 'I think if he avoids excessive bending, he will have no particular problem.' Dr. Herbert Pederson also found very mild degenerative disease without evidence of any disrupture, and none of the examining doctors found any motor, reflex, or sensory abnormalities.
 
 
 7
 The only medical evidence in support of Abdulla's claim is the diagnosis of Dr. Galal El-Alayli, whom Abdulla characterizes as his 'treating physician'. The two letters submitted by the doctor contained no clinical or laboratory results to support his opinion that the Abdulla was totally disabled and his testimony failed to reveal that he performed any significant tests. Although an opinion of the treating physician based upon clinical findings must be given significant weight, 'the Secretary is not bound by a broad conclusory statement of a treating physician', Garner v. Heckler, 745 F.2d 383, 391 (6th Cir. 1984). Thus, the Secretary was justified in assigning little weight to the unsupported medical opinion of Dr. El-Alayli.
 
 
 8
 Additionally, Abdulla's allegations were not consistent with his actions. He stated that sitting caused him pain, yet since the onset of his alleged disability he spent most of his day sitting. He admitted that he sometimes drove his car and that he took two transatlantic trips to Yemen. Although he claimed that Dr. Kushner and Dr. El-Alayli recommended these trips to help his back, a letter from Dr. Kushner indicated that a trip to Yemen was Abdulla's own idea. Abdulla's own testimony seems to indicate that his pain does not preclude him from sitting. In the face of the minimal objective medical evidence to support the complaints of continued and severe pain, the a.l.j.'s assessment of claimant's credibility is entitled to special deference. Beavers v. Secretary of HEW, 577 F.2d at 387. Thus, the a.l.j.'s determination that claimant is capable of performing sedentary activity of a nonstrenuous nature is supported by substantial evidence. Therefore, the judgment is AFFIRMED.
 
 
 
 *
 Hon. Thomas G. Hull, Chief Judge, Eastern District of Tennessee, sitting by designation