836 F.2d 550
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ellis G. POGUE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 87-5026.
 United States Court of Appeals, Sixth Circuit.
 Dec. 31, 1987.
 
 Before KRUPANSKY and RYAN, Circuit Judges, CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff appeals a denial of Social Security disability benefits. The Secretary found that the plaintiff did not suffer a "severe impairment" and thus failed to meet the criteria of 20 C.F.R. Sec. 404.1520(c). The issue we address is whether the Secretary's finding was supported by substantial evidence. The district court found that it was, and we affirm.
 
 
 2
 Plaintiff-appellant, Ellis Pogue, filed an application for disability insurance benefits on November 30, 1981. A year later, an Administrative Law Judge found plaintiff not disabled. In December 1983, the federal district court remanded for another hearing. The ALJ found that plaintiff had not suffered a severe impairment within the requirements of 20 C.F.R. Sec. 404.1520(c), and thus was not disabled. The Appeals Council adopted the ALJ's findings and conclusions. Appellant sought judicial review in the district court. Following a hearing by a magistrate, the district court adopted the magistrate's findings of fact and conclusions of law and found that the Secretary's decision to deny benefits was supported by substantial evidence.
 
 
 3
 Appellant was 61 years old when he filed his application for benefits. He worked as a "mixer" for a milk company until 1977. This job involved lifting 100 pound sacks of sugar. The medical evidence established the plaintiff suffered lower back pain. He was diagnosed as having arteriosclerotic vascular calcification in the abdominal aorta and arterial insufficiency in the lower extremities, chronic low back pain and possible osteoarthritis, and diabetes mellitus with possible diabetic neuropathy.
 
 
 4
 The standard of review of disability denial is whether the findings are supported by substantial evidence. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984). The resolution of conflicting testimony and the assessment of credibility of witnesses is left to the Secretary. Id. Findings supported by substantial evidence are conclusive. Id.
 
 
 5
 20 C.F.R. Sec. 404.1520(c) requires that a claimant be suffering from a "severe impairment." 20 C.F.R. Sec. 404.1521(a), defining a non-severe impairment, states, "An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."
 
 
 6
 The ALJ found that the treating physician listed no physical abnormality to account for the severe back pain suffered by appellant. The ALJ also considered the evaluation of an appointed physican who found no physical abnormality. Further, the ALJ made his own observations that appellant did not exhibit any signs one would normally expect to see in one suffering from severe pain. Finally, the ALJ was presented with evidence from the previous hearing, that the plaintiff had been receiving help in lifting the heavy bags of sugar while still employed.
 
 
 7
 Given the extensive findings of the Administrative Law Judge and the evidence supporting the findings, it is clear they are supported by substantial evidence. The district court, therefore, was correct in affirming the decision of the Secretary in denying benefits to appellant.
 
 
 8
 AFFIRMED.
 
 
 9
 CONTIE, Senior Circuit Judge, dissenting.
 
 
 10
 The Secretary's finding that claimant Ellis Pogue does not have an impairment which significantly limits his ability to work--i.e., a severe impairment, is not supported by substantial evidence. Accordingly, I dissent.
 
 
 11
 The Supreme Court has recently upheld the severity regulation, 20 C.F.R. Secs. 404.1520(c), 416.920(c), as facially valid in Bowen v. Yuckert, 107 S.Ct. 2287 (1987). The Court relied in large part on the 1984 Amendments to the Social Security Act and their legislative history in support of its holding. Yuckert, 107 S.Ct. at 2297. In a footnote, the Court emphasized, "[w]e have noted that the House Report accompanying the 1984 amendments urged the Secretary to reevaluate the severity criteria to determine whether they were too strict.... Subsequent to the adjudication of Yuckert's disability claim, the Secretary issued a ruling '[t]o clarify the policy for determining when a person's impairment(s) may be found 'not severe' ....' " Id. at 2297-98 n. 12.
 
 
 12
 The Social Security Ruling referred to by the Court in Yuckert provides in relevant part the following:
 
 
 13
 An impairment or combination of impairments is found "not severe" and a finding of "not disabled" is made at this step when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered (i.e., the person's impairment(s) has no more than a minimal effect on his or her physical or mental ability(ies) to perform basic work activities).... By definition, basic work activities are the abilities and aptitudes necessary to do most jobs. In the absence of contrary evidence, it is reasonable to conclude that an individual whose impairments do not preclude the performance of basic work activities is, therefore, able to perform his or her past relevant work. If the medical evidence establishes only a slight abnormality(ies) which has no more than a minimal effect on a claimant's ability to do basic work activities, but evidence shows that the person cannot perform his or her past relevant work, a denial at the "not severe" step of the sequential evaluation process is inappropriate. The inability to perform past relevant work in such instances warrants further evaluation of the individual's ability to do other work considering age, education and work experience.
 
 
 14
 Social Security Ruling 85-28.
 
 
 15
 In the instant case, Pogue's treating physician, Dr. Kenneth Westerfield, M.D., diagnosed Pogue as having adult onset diabetes mellitus and chronic lower back pain with possible osteoarthritis. Based on his examination of Pogue, Dr. Westerfield concluded that he felt that claimant "could not function at a job similar to that which he had before. Certainly he could not be subjected to lifting 100 pound sacks of sugar, which he did for some twenty years...."
 
 
 16
 Tom Evans, M.D., also examined claimant. Dr. Evans concluded that in his opinion claimant suffered an injury to his back which occurred at his place of employment and that he suffered five percent whole body permanent impairment at the time he was examined. Dr. Evans' conclusion is not inconsistent with Pogue's treating physician's opinion that claimant could not perform his past relevant work.
 
 
 17
 In light of Social Security Ruling 85-28 and in light of the deference accorded the medical opinions and diagnoses of treating physicians, see, e.g., King v. Heckler, 742 F.2d 968, 973 (6th Cir.1984), I would hold that the Secretary's finding that claimant does not have a severe impairment is not supported by substantial evidence and remand this case to the Secretary for further proceedings. For this reason, I dissent.