863 F.2d 48
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Arnold R. JOHNSON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 88-3027.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1988.
 
 Before MERRITT, BOYCE F. MARTIN, Jr., and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Arnold Johnson appeals the district court's summary judgment order affirming the denial of social security disability benefits by the Secretary of Health and Human Services. We affirm.
 
 
 2
 Johnson was born on May 18, 1930. He has a sixth grade education, and has worked in the past as a truck driver. Johnson's medical records show that he has a history of injuries and that he has been examined by many physicians since 1978.
 
 
 3
 In July 1976, Johnson was struck on the head and developed headaches and neck pain, and in October 1976, he sustained injuries to his head, shoulder and ribs. In April 1978, Johnson injured his back while driving and developed lower back pain.
 
 
 4
 Dr. J. Mark Hatheway, a Board-certified orthopedic specialist, treated Johnson for back pain and examined Johnson on numerous occasions between 1978 and 1983. Hatheway generally concluded that Johnson suffered from back pain and reduced lumbar motion but found his neurological exams to be normal.
 
 
 5
 Dr. Ken Knott, a rehabilitation specialist, examined Johnson in August 1980. Knott concluded that Johnson was permanently and totally disabled as a result of the cumulative effect of his injuries.
 
 
 6
 Dr. William Krech examined Johnson in December 1980. Krech described Johnson as being in "no acute distress" and having no muscle spasms, reflex abnormalities, muscle atrophy or limitation of motion of the spine.
 
 
 7
 In September 1981, Johnson complained of hearing difficulties. A subsequent audiological evaluation revealed a slight hearing loss in his right ear only.
 
 
 8
 Dr. W. Jerry McCloud, an orthopedic specialist, saw Johnson in December 1982 and found that, while Johnson suffered from some loss of lumbar function, his neurological evaluation was normal. McCloud concluded that Johnson was not permanently impaired and could continue working as a truck driver.
 
 
 9
 In January 1983, Johnson was hospitalized for back pain. He was treated through physical therapy, traction and prescribed medication, and his back pain lessened.
 
 
 10
 In September 1983, Dr. Francis Kubbs began treating Johnson for hypertension. Johnson's high blood pressure was controlled through medication. In October 1984, Johnson was diagnosed as having diabetes, and this condition was controlled through diet.
 
 
 11
 Johnson was again admitted to the hospital in May 1984 for back pain. He was discharged following physical therapy and traction.
 
 
 12
 In January 1985, Dr. Joseph Schlonsky, an orthopedic specialist, examined Johnson and concluded that he suffered from a degenerated disc.
 
 
 13
 Dr. Irineo Pantangco saw Johnson in February 1985. Pantangco found that Johnson suffered a mild hearing loss in his right ear but that, except for high frequency loss, hearing in his left ear was normal.
 
 
 14
 Johnson filed an application for disability insurance benefits under Title II of the Social Security Act in November 1984. He alleged an inability to work since July 1978 due to back pain, injuries to his head, neck and shoulder, high blood pressure and diabetes. The Social Security Administration denied Johnson's application initially and on reconsideration. In August 1985, an administrative law judge denied Johnson's claim, noting that, because Johnson last met the special earnings requirement of the Social Security Act on December 31, 1983, he must establish that he became disabled on or before December 31, 1983 to be entitled to disability benefits under Title II. After considering the medical evidence, the administrative law judge concluded that Johnson did not have any impairment or combination of impairments on or before December 31, 1983 which were "severe" within the meaning of the Social Security Act, and he therefore could not be found to be disabled. The Appeals Council denied Johnson's request for review on October 28, 1985, and allowed the administrative law judge's decision to become the final decision of the Secretary. On December 4, 1987, the district court affirmed the Secretary's denial of benefits.
 
 
 15
 On appeal, Johnson contends that the Secretary's finding that he does not have a severe impairment is not supported by substantial evidence. Specifically, Johnson asserts that his back problems, particularly in combination with his hypertension, hearing loss, and the effects of his prescribed medications, constitute a severe impairment.
 
 
 16
 Our scope of review is narrow. The Secretary makes findings of fact, weighs the evidence, and resolves conflicts in the evidence. We must affirm the Secretary's decision if it is supported by substantial evidence and if the Secretary employed the proper legal criteria in reaching the decision. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984). We find that the Secretary applied the correct legal standards to the instant case and that the decision is supported by substantial evidence.
 
 
 17
 The Secretary has promulgated regulations that establish a five-step sequential evaluation of disability claims. Under the second step, a claimant who does not have a "severe" impairment will not be found disabled and will therefore not be eligible for disability benefits, regardless of the claimant's age, education and work experience. 20 C.F.R. Sec. 404.1520(c); Bowen v. Yuckert, 107 S.Ct. 2287 (1987). (An impairment is severe only if it significantly limits an individual's ability to perform basic work activity. 20 C.F.R. Sec. 404.1521.) In the instant case, the Secretary correctly determined that, if Johnson has no "severe" impairment, then he cannot be found disabled, and we must affirm the Secretary's finding that Johnson has no severe impairment if such finding is supported by substantial evidence.
 
 
 18
 We conclude that the Secretary's finding that Johnson had no severe impairment on or before December 31, 1983 is supported by substantial evidence. Admittedly, a survey of the medical record reveals some evidence supporting Johnson's claim of severe impairment due to back problems, hypertension, hearing loss and the effects of medication. Johnson did suffer several injuries during the 1970's, he has been hospitalized for back pain, and one doctor did find him to be disabled. Other doctors, however, found that, while Johnson did have back pain and some loss of lumbar motion, his neurological exams were normal. Another doctor specifically concluded that Johnson was not permanently impaired by back problems and could continue his truck driving work. Moreover, Johnson's hypertension was successfully controlled through medication, and his hearing loss was only slight. Finally, the medical record lacks evidence showing that Johnson suffered from adverse side effects of his prescribed medications, and he did not claim that he suffered from any side effects during his hearing before the administrative law judge. Accordingly, we find substantial evidence supporting the Secretary's decision that Johnson had no impairment or combination of impairments that would have significantly limited his ability to perform basic work activity on or before December 31, 1983. Because the finding that Johnson had no severe impairment is supported by substantial evidence, we affirm the decision of the district court denying disability benefits.