893 F.2d 1334
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Theodore E. GERUTTA, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-1447.
 United States Court of Appeals, Sixth Circuit.
 Jan. 18, 1990.
 
 E.D.Mich.
 AFFIRMED.
 On Appeal from the United States District Court for the Eastern District of Michigan, Cook, D.J.
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES, and RALPH B. GUY, Jr., Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff, Theodore Gerutta, appeals from the district court's decision affirming the Secretary's denial of his application for Disability Insurance Benefits (DIB) under Section 205(g) of the Social Security Act as amended, 42 U.S.C. 405(g). For the following reasons we affirm.
 
 I.
 
 2
 Gerutta applied for DIB on February 12, 1987 alleging that he became disabled on February 27, 1985. He claimed that he suffers from shortness of breath, heavy breathing, chest pain, dizziness and muscle ache. His application was denied initially and upon reconsideration.
 
 
 3
 Gerutta's past relevant work was a traffic/inventory control clerk for Chrysler Motor Corporation. He worked for Chrysler for 32 years. His responsibilities included coordinating and keeping track of production materials throughout the United States. Gerutta stated that he quit the job at Chrysler after it became too stressful for him. He then worked as a dishwasher and truck unloader. He stopped working altogether in 1981 or 1982 after injuring his back while unloading a truck. His insured status for DIB lapsed on December 31, 1987.
 
 
 4
 Gerutta claims that he became disabled three years after he discontinued work, as a result of a heart condition, back pain and leg cramps. He states that his chest pain is precipitated by physical exertion or emotional upset, and occurs on a daily basis. He claims the pain is associated with shortness of breath, aching muscles, and leg cramps. It is relieved with NitroBid and rest. Gerutta treats his back pain with "pills" and heat. His back is irritated if he slouches or performs excessive bending or lifting. He stated that repetitive lifting of 20-30 pounds would probably bother his back. J.App. at 31-32.
 
 
 5
 In a disability report Gerutta stated that he was able to go shopping and perform household chores such as cleaning, changing light bulbs and changing bed sheets. He visits friends and drives a car. He gardens, prune trees and builds and flies model airplanes. He estimates that he can walk for 30-40 minutes, sit for 60 minutes and lift 40 pounds. His doctor advised him to walk two hours every day. J.App. 57, 65, 70, 148.
 
 
 6
 On December 10, 1987 a hearing was held before ALJ Edward Golden. The ALJ found that Gerutta had cardiomyopathy, myocardial disease, chronic obstructive pulmonary disease, a history of peptic ulcer disease, a hiatal hernia, and that he complained of chronic pain in his upper an lower extremities and low back. He ruled that these conditions do not alone or in combination meet or equal the criteria of an impairment contained in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1 (1988), and thus were not disabling per se. The ALJ found that Gerutta's work as a traffic/inventory clerk was semi-skilled and sedentary in exertional demand. The ALJ also found that Gerutta's subjective complaints of pain were exaggerated and not credible with respect to his claim that he could not perform a full range of sedentary work. The ALJ determined that Gerutta retained the Residual Functional Capacity to perform a full range of sedentary work, and because Gerutta could perform his past relevant work, he was not disabled. On March 14, 1980, the ALJ denied Gerutta's claim. On July 6, 1988, the Appeals Council denied Gerutta's request for review and the decision of the ALJ became the final decision of the Secretary.
 
 
 7
 On September 6, 1988 Gerutta filed a complaint in United States District Court for the Eastern District of Michigan, Judge Julian Cook, presiding. The case was referred to Magistrate Thomas Carlson. The magistrate affirmed the Secretary's determination that the medical evidence did not support a finding that Gerutta was disabled, and that Gerutta continued to have the residual functional capacity to perform his past relevant work. Gerutta filed objections to the magistrate's report. On February 28, 1989, Judge Cook affirmed the Secretary's decision to deny DIB. This timely appeal followed.
 
 II.
 
 8
 This matter is before the court for judicial review pursuant to 42 U.S.C. 405(g). This section provides that the findings of the Secretary are conclusive on a reviewing court if supported by substantial evidence. Id. It is the duty of the Secretary to weigh the evidence, resolve material conflicts, make independent findings of fact, and determine the case accordingly. Richardson v. Perales, 402 U.S. 389 (1971). The court determines only whether the decision of the Secretary is supported by substantial evidence and whether correct legal standards were applied in reaching the decision. 42 U.S.C. 405(g); Garner v. Heckler, 745 F.2d 383 (6th Cir.1984); LeMaster v. Weinberger, 533 F.2d 337 (6th Cir.1976). Substantial evidence is such relevant evidence that, based upon the record taken as a whole, a reasonable mind might accept as adequate to support a conclusion. Perales, 402 U.S. at 401. Substantial evidence is more than a scintilla but less than a preponderance. Perales, 402 U.S. at 406.
 
 
 9
 In this case, the Secretary followed the required five step evaluation under 20 CFR Sec. 404 1520 (1988), determining that (1) Gerutta had not engaged in substantial gainful activity; (2) had a severe impairment; (3) but did not have a disabling impairment per se. Gerutta does not challenge these findings. Gerutta's claim on appeal is that his acute coronary insufficiency and cardiomyopathy, along with his inability to use nitroglycerine for relief of pain, combine to create an impairment that precludes him from performing his past work.
 
 
 10
 We note initially that there is nothing in the record to indicate that Gerutta presented evidence of his inability to take nitroglycerine to the district court. Gerutta's specific claim with regard to nitroglycerine is that his traffic/inventory position at Chrysler caused him stress, that stress brings on chest pain, and since he is unable to use nitroglycerine for pain relief, he must lie down when the chest pain occurs. Gerutta's claim that he is allergic to nitroglycerine is apparently false because he admits to taking Nitro-Bid. The Physician's Desk Reference confirms that Nitro-Bid is nitroglycerine. If Gerutta has developed an allergy to nitroglycerine since the hearing, it is undocumented in the record.
 
 
 11
 A review of the medical evidence in the record reveals that Gerutta's heart condition is not disabling. His EKG's have been either normal or probably negative. The cardiac catheterization showed minimal coronary artery disease with slight impairment of the ventricular function. A treadmill test revealed normal results. His treatment has been conservative, consisting exclusively of medication.
 
 
 12
 Gerutta's claim that he cannot perform his past relevant work, because the stress will cause chest pain, is also not documented in the record. Although he did complain of stress ailments such as nervousness and ulcers before he left Chrysler in 1979, his chest pains did not begin until six years later.
 
 
 13
 Finally, Gerutta's daily activities of walking driving, gardening and pruning trees portray a fairly normal lifestyle. The only restrictions placed on his activities were that he could not mow the lawn, shovel snow or lift heavy weights. Thus, we find that the Secretary's determination that Gerutta is not disabled because he is able to perform his past sedentary work is based on substantial evidence.
 
 III.
 
 14
 Accordingly, for the foregoing reasons, we AFFIRM the judgment of the district court.