900 F.2d 261
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerry WHITAKER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellant.
 No. 89-6048.
 United States Court of Appeals, Sixth Circuit.
 April 20, 1990.
 
 Before BOYCE F. MARTIN, Jr. and NATHANIEL R. JONES, Circuit Judges, and ROBERT E. DeMASCIO, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Jerry Whitaker appeals the judgment of the district court denying him disability insurance benefits and supplemental security income benefits. We affirm the judgment of the district court.
 
 
 2
 An administrative law judge denied Whitaker's application for benefits, based on a variety of disabilities, because he found that Whitaker is not disabled. The administrative law judge's decision became the final decision of the Secretary of Health and Human Services when the Appeals Council denied Whitaker's request for review. The administrative law judge found that Whitaker was neither mentally nor physically disabled. The district court affirmed the administrative law judge's decision as based upon substantial evidence.
 
 
 3
 On appeal, Whitaker limits his argument to mental disability. The sole issue is whether the administrative law judge made a decision supported by substantial evidence that Whitaker was not disabled under 20 C.F.R. Part 404, Subpart P, App. 1, Sec. 12.08. The administrative law judge found that Whitaker suffered from the personality disorder of "pathological dependence, passivity, or aggressivity" under 20 C.F.R. Part 404, Subpart P, App. 1, Sec. 12.08(A)(5). The administrative law judge still denied benefits, finding that this disorder did not sufficiently disable Whitaker under Section 12.08(B). To be sufficiently disabled under Section 12.08(B), an applicant must meet three of the four following requirements:
 
 
 4
 1. Marked restriction of activities of daily living; or
 
 
 5
 2. Marked difficulties in maintaining social functioning; or
 
 
 6
 3. Deficiencies of concentration, persisting or pace resulting in frequent failure to complete tasks in a timely manner (in work settings or elsewhere); or
 
 
 7
 4. Repeated episodes of deterioration or decompensation in work or work-like settings which cause the individual to withdraw from that situation or to experience exacerbation of signs and symptoms (which may include deterioration of adaptive behaviors).
 
 
 8
 20 C.F.R. Part 404, Subpart P, App. 1, Sec. 12.08(B). The administrative law judge found that Whitaker suffered some impairment in three of the four areas, but that Whitaker did not suffer sufficient impairment to qualify under Section 12.08(B) in any of the four areas.
 
 
 9
 We agree with the district court that substantial evidence supports the decision of the administrative law judge. It is not the role of the reviewing court to resolve de novo conflicts in the evidence, but to determine whether substantial evidence supports the lower court's resolution. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984). Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389 (1971).
 
 
 10
 In regard to the first criterion, Whitaker appears to suffer from some restriction of daily activity, but substantial evidence supports the administrative law judge's decision that any restriction is not "marked." 20 C.F.R. Part 404, Subpart P, App. 1, Sec. 12.08(B). Whitaker prepares meals for himself every day and performs housework, keeping his trailer "fairly clean," according to his sister's testimony. Whitaker also tends to his personal needs, plays cards with friends, and drives a car.
 
 
 11
 Substantial evidence also supports the administrative law judge's decision that Whitaker does not have marked difficulties with social functioning. The evidence showed that Whitaker maintained strong family ties, played cards with friends, and socialized with drinking companions.
 
 
 12
 Further, substantial evidence supports the administrative law judge's determination that Whitaker has not had repeated episodes of deterioration in work or work-like settings. Whitaker relies on his one-time failure to hang a curtain bracket in his trailer, but this failure does not rise to the level of the repeated episodes envisioned by Section 12.08(B)(4).
 
 
 13
 We are unsure that substantial evidence supports the administrative law judge's determination that Whitaker did not have deficiencies in concentration under the third criterion. But even if Whitaker meets this one criterion, he still falls well short of the standards for disability under section 12.08(B) because he must meet three out of four.
 
 
 14
 The judgment of the district court is affirmed.
 
 
 
 *
 Honorable Robert E. DeMascio, Senior United States District Judge for the Eastern District of Michigan, sitting by designation