46 F.3d 1131
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Margie C. CROSS, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-6629.
 United States Court of Appeals, Sixth Circuit.
 Jan. 11, 1995.
 
 Before: MERRITT, Chief Judge, and NELSON and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this case, the Department of Health and Human Services denied the claimant, Margie Cross, social security disability benefits. This determination was upheld by an administrative law judge following a hearing, based on extensive findings of fact. When the Appeals Council denied review, the administrative law judge's decision became the final decision of the Secretary. The claimant then filed a complaint in the district court, which ultimately granted summary judgment in the defendant's favor and dismissed the complaint. The plaintiff now appeals, citing various errors in the review of her application for benefits, among others that the administrative law judge was improperly selective in determining which medical reports to credit, and that he disregarded the opinion of an expert psychological witness, Dr. Biller; that the plaintiff's chronic pain and the fact that she had multiple impairments were improperly evaluated; and that the vocational expert's testimony should have been discredited, because, among other things, the hypothetical question put to her at the hearing was incomplete.
 
 
 2
 Our role at this stage of the litigation is limited. The Social Security Act mandates that "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. Sec. 405(g). In recognition of this statutory mandate, the courts have consistently noted the circumscribed nature of judicial review in a case of this type. We "may not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984). Even if we find that the evidence preponderates against the administrative determination--indeed, even if we conclude that we would have resolved the dispute differently--we must nevertheless affirm if there exists such relevant evidence as a reasonable mind might accept as adequate to support that conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir.1983).
 
 
 3
 In this instance, we have carefully reviewed the administrative law judge's determination and find that it is supported by substantial evidence. In assessing the plaintiff's claim of disability, the administrative law judge employed the five-step sequential evaluation process set out in 20 C.F.R. Sec. 404.1520. He found largely in the plaintiff's favor in the initial steps of this inquiry, specifically that she had not engaged in substantial gainful activity since March 17, 1990, the date on which she allegedly became disabled (step one ), and that she suffered from two severe impairments, one physical in nature affecting her back, the other an anxiety disorder (step two ). But the judge further found that these impairments did not meet or equal in severity any of the presumptively disabling impairments contained in listed in 20 C.F.R. Part 404, Subpart P (step three ). After reviewing in detail the medical and other evidence in the record, the administrative law judge also determined that the plaintiff retained the residual functional capacity to perform sedentary work, with a lifting restriction and the ability to alternate between sitting, standing and walking, as long as the work was not highly stressful and did not involve critical decision-making. He therefore concluded that the plaintiff could not return to her past relevant work (step four ). The judge further concluded, however, that considering the plaintiff's residual functional capacity, her age, her eighth-grade education and degree of literacy, and her past work experience, taken in conjunction with the vocational expert's testimony, the plaintiff was not "disabled" to the extent required by the Act, because she still had the ability to perform other work existing in significant numbers in the national economy (step five ). He therefore denied relief.
 
 
 4
 In our opinion, the plaintiff's most substantial challenge to the administrative law judge's determination centers on testimony by the vocational expert relating to step five in the sequential evaluation described above. Specifically, the plaintiff argues that the judge's failure, among other things, to include her low IQ in his hypothetical question to the vocational expert resulted in a less than adequate assessment by the expert of the range of work available to the plaintiff. We believe that including this information in the hypothetical question would have sharpened the issue to some degree, but we cannot say that its omission is sufficient to invalidate the vocational expert's assessment. The record establishes that the expert had a reasonably clear picture of the plaintiff's situation from the other information supplied by the administrative law judge at the hearing.
 
 
 5
 Finding no basis on which to set aside the decision of the district court affirming the order of the administrative law judge, we AFFIRM the judgment of the district court.