Neama CORNN, now known as Tiffany Lindsey, Plaintiff–Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.

No. 00–5533.

United States Court of Appeals, Sixth Circuit.

March 20, 2001.

Before KEITH, NORRIS, and DAUGHTREY, Circuit Judges.

## ORDER

This is an appeal from a judgment affirming the Commissioner's decision to deny a claim for child's survivor disability insurance benefits. The parties have agreed to waive oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1996, Neama Cornn filed a claim for child's survivor benefits under the Social Security Act for a disability that befell her before her twenty-second birthday. The matter was referred to an administrative law judge ("ALJ") who conducted an evidentiary hearing and concluded that Cornn was not entitled to an award of benefits. The ALJ's conclusion became the final decision of the Commissioner when the Appeals Council denied review and Cornn

took an appeal to the district court. The appeal was referred to a magistrate judge who recommended that the decision of the Commissioner should be affirmed and the district court adopted this recommendation over Cornn's objections.

This court will not disturb the Commissioner's decision to deny benefits absent a finding that the Commissioner, through the ALJ, failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record. *See Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 528 (6th Cir.1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Under this standard, this court "may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler,* 745 F.2d 383, 387 (6th Cir.1984). Where substantial evidence supports the ALJ's determination, it is conclusive, even if substantial evidence also supports the opposite determination. *See Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir.1986) (en banc).

In 1996, at the age of twenty-nine, claimant Cornn applied for child's survivor disability benefits based on a disability that commenced before her twenty-second birthday. Cornn's application was on the earnings record of her father and was based chiefly on her allegations of a seizure disorder and her difficulties in dealing with stress or panic attacks. Cornn has never supported her claim with any competent medical evidence or treatment notes of any kind; she did, however, supply letters from two friends and a registered nurse.

Cornn's application was denied initially and she requested a hearing before an ALJ. Cornn testimony was directed toward her only documented work history, namely, her employment at a hardware store from August 26, 1992 through March 24, 1993. The significance of this is that, if Cornn's hardware store experience was found to be substantial gainful employment, her claim for benefits was liable to be denied without further analysis. Cornn testified that she satisfied her initial ninety-day probationary period and was attending vocational school during her period of employment. Her duties consisted of fabricating and threading lengths of pipe, stocking and rotating the shelves and waiting on customers. Cornn testified that she encountered many challenges dealing with customers, occasionally "losing it" and having to excuse herself to attend to another matter. Cornn stated that she was finally asked to resign voluntarily in exchange for the store management's agreement to write off her $200 in-store charge account.

The ALJ to whom the matter was assigned concluded that Cornn was not entitled to child's disability benefits because of the nature and duration of her hardware store experience. The ALJ noted that none of the records from the hardware store supported Cornn's story. The records show that Cornn made well over $500 each of the seven months she was employed, that she passed her probationary period and was then considered a regular employee, that she was never given a written reprimand and that her performance was comparable to that of the other employees. Cornn's letter of resignation shows that she left because she could not be guaranteed of Sundays off and that was her only day away from school. The ALJ concluded that Cornn's hardware store work history constituted substantial gainful activity, that it could not be considered as a period of trial work within the meaning of the regulations, and that she was therefore not entitled to child's disability benefits. This became the final decision of

the Commissioner when the Appeals Council denied review. Cornn took an appeal to the district court in which she argued that her hardware store experience was not substantial gainful activity and that, in the alternative, it should be considered as a trial work period. The district court rejected these arguments and Cornn asserts them in this appeal.

■ To qualify for receipt of child's disability insurance benefits based on the income of a parent wage earner, the claimant must 1) file an application for child's benefits, 2) be unmarried at the time of filing, and 3) be under age eighteen, be eighteen years or older and have a disability that began before age twenty-two years old, or be eighteen years or older and qualify for benefits as a full time student. 20 C.F.R. § 404.350. In addition, a claimant must have a medically determinable physical or mental impairment that can be expected to result in death, or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). The claimant bears the ultimate burden to establish an entitlement to supplemental security income by proving the existence of a disability as defined in 42 U.S.C. §§ 423(d), 1382c(a)(3). If the claimant is working and the work constitutes substantial gainful activity, benefits are automatically denied. 20 C.F.R. § 416.920(b). If the claimant is not found to have an impairment which significantly limits his or her ability to work (a severe impairment), then he or she is not disabled. 20 C.F.R. § 416.920(c).

■ There is ample evidence in the record to support the conclusion that Cornn performed substantial gainful employment subsequent to her twenty-second birthday and, by definition, was not entitled to child's disability benefits. There is not one shred of competent, medical evidence to establish that Cornn has *ever* suffered from a medically determinable physical or mental impairment that can be expected to result in death, or can be expected to last for a continuous period of not less than twelve months. The absence of such evidence, without more, supports the judgment on appeal. It is also clear that the evidence before the Commissioner completely supports the conclusion that Cornn successfully maintained substantial gainful employment as a hardware store clerk well beyond her twenty-second birthday. As such, the question of a "trial work period," a period in which the genuinely disabled may venture into the world of work without fear of their initiative being penalized, never comes into play. The appeal lacks merit.

Accordingly, the district court's judgment is affirmed.