NOT RECOMMENDED FOR PUBLICATION
File Name: 06a0213n.06
Filed: March 28, 2006

No. 05-3825

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

WENDY L. LIEBHART,                    )
                                          )
      Plaintiff-Appellant,           )
                                          )
v.                                        )   ON APPEAL FROM THE UNITED
                                          )   STATES DISTRICT COURT FOR THE
COMMISSIONER OF SOCIAL SECURITY, )   NORTHERN DISTRICT OF OHIO
                                          )
      Defendant-Appellee,          )
_____ )   OPINION

**Before: COLE, GILMAN, and FRIEDMAN[*], Circuit Judges.**

**RONALD LEE GILMAN, Circuit Judge.** Wendy Liebhart filed an application with the

Social Security Administration for disability benefits. Her application was denied by both an

administrative law judge (ALJ) and the Commissioner of Social Security. Liebhart then filed a

complaint in federal district court, alleging that the administrative decision was improper. A

magistrate judge concluded that the ALJ's decision was supported by substantial evidence. The

district court agreed, resulting in this appeal.

We must uphold the ALJ's conclusions if they are supported by substantial evidence and if

the ALJ applied the correct legal criteria. *See* 42 U.S.C. § 405(g); *Heston v. Comm'r of Soc. Sec.*,

245 F.3d 528, 534 (6th Cir. 2001) ("Judicial review is limited to determining whether the district

court erred in finding that the ALJ's ruling was supported by substantial evidence."). Substantial

---

[*] The Honorable Daniel M. Friedman, United States Circuit Judge for the Federal Circuit Court of Appeals, sitting by designation.

evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). When reviewing the ALJ's conclusions, we "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984); *see also Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (noting that the court should defer to the agency's decision if it is supported by substantial evidence, "even if there is substantial evidence in the record that would have supported an opposite conclusion") (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

The ALJ found that Liebhart was suffering from vestibular disturbance, dystonia, and Lyme's disease. According to the ALJ, these impairments were "severe" within the meaning of the Social Security Act's Regulations, "but not severe enough to meet or medically equal one of the impairments listed [in the Regulations]." Despite finding that Liebhart suffered from severe impairments, the ALJ concluded that she could still perform the job of a cashier as of the date that her insured status expired—that date being December 31, 1998.

Because the persuasive reasoning that supports the judgment in favor of the Commissioner has been clearly articulated by the magistrate judge in her comprehensive Report and Recommendation that was adopted by the district court, the issuance of a detailed written opinion by us would be unduly duplicative. The judgment rendered by the Honorable John R. Adams on April 26, 2005, adopting the September 14, 2004 Report and Recommendation of Magistrate Judge Nancy A. Vecchiarelli, is accordingly AFFIRMED on the basis of the reasoning contained in those documents.