849 F.2d 609
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joe Ann MATTINGLY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 87-5506.
 United States Court of Appeals, Sixth Circuit.
 June 10, 1988.
 
 Before KRUPANSKY and WELLFORD, Circuit Judges, and, HORACE W. GILMORE,* District Judge.
 PER CURIAM:
 
 
 1
 Mattingly appeals the Secretary's denial of her claim for disability benefits. The basis of Mattingly's disability claim is her complaint of chronic back pain that renders her unable to bend, stoop, lift, or carry, or to walk, stand or sit for any prolonged period of time. The Secretary has found that Mattingly retains the residual functional capacity to do sedentary work and is not disabled.
 
 
 2
 At the time of her most recent administrative hearing in February 1986, Mattingly was a forty-four year old woman standing five feet, six inches tall and weighing 190 pounds. Prior to May 1977, Mattingly worked as a laborer at the Jim Beam Distillery, where she suffered a back injury in May 1977. Mattingly has not worked since that time. As a result of the pain from her back injury, Mattingly underwent a lumbar laminectomy of the spinal canal in September 1977, which temporarily relieved her back pain. She did not, however, return to work. In May 1978 Mattingly filed an application for disability benefits, which was allowed. Mattingly was paid benefits from August 1978 until October 1980, when her benefits were terminated. Because of intensified back pain, Mattingly underwent a second back operation in June 1978, a laminectomy and bilateral decompression of nerve roots.
 
 
 3
 Following an administrative hearing in August 1981, the Secretary affirmed the decision to terminate Mattingly's disability benefits. On December 7, 1982, Mattingly filed a second application for disability benefits, alleging an onset date of September 1, 1981. This application, which is the subject of the instant appeal, was denied initially and on reconsideration. After an administrative hearing, the ALJ found in April 1984 that Mattingly was not entitled to benefits. The ALJ specifically found that although Mattingly could not perform her past work as a laborer because of its excessive exertional demands, the medical evidence was convincing that she could perform at least sedentary work. In addition, the ALJ found Mattingly's claims regarding the extent of her pain and discomfort not to be credible.
 
 
 4
 Mattingly's request for review was denied by the Appeals Council, and Mattingly appealed the Secretary's decision to district court. Although the magistrate recommended summary judgment for the Secretary, the district judge remanded the case to the Secretary in June 1985. The judge found that Mattingly had satisfied the threshold requirement of establishing, by objective medical evidence, the existence of a condition that reasonably could be expected to cause disabling pain. In light of this finding, the district judge noted that under Weaver v. Secretary of Health and Human Services, 722 F.2d 310 (6th Cir.1983), the ALJ could not find the claimant's testimony incredible based simply on observations of her demeanor at the hearing. Instead, in order for the ALJ's credibility finding to be supported by substantial evidence, the ALJ must cite some probative evidence regarding credibility other than his own observations.
 
 
 5
 On remand, the ALJ conducted a second hearing, at which Mattingly again testified. In March 1986 the ALJ again issued a decision recommending a denial of benefits, and in July 1986 the Appeals Council adopted this decision. Mattingly again appealed the decision to district court. This time, the magistrate, following oral argument, issued a recommendation that summary judgment be granted to Mattingly. The district judge, however, rejected the magistrate's recommendation and affirmed the Secretary's denial of benefits.
 
 
 6
 On review of the Secretary's denial of benefits, this court considers only whether that decision is supported by substantial evidence. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984). In reviewing the record in this case, we are convinced that the Secretary's determination that Mattingly was able to perform sedentary work and accordingly was not disabled is supported by substantial evidence through 1984. The reports of treating physicians, however, show a marked deterioration in Mattingly's condition in the years following 1984, and we find that as to this period, the Secretary's denial of benefits was not supported by substantial evidence.
 
 
 7
 At the two administrative hearings in October 1983 and February 1986, the thrust of Mattingly's testimony was that she could not work because of the constant leg and back pain that resulted from any activity on her part. She testified that the pain limited her ability to sit for a long time, to stand or walk for any prolonged period of time, and to lift, bend, stoop, kneel or crouch. She also stated that she could not go all day without lying down or drive for more than a few blocks.
 
 
 8
 The reports of one of Mattingly's treating physicians, Dr. Grantham, prior to 1985 support the Secretary's finding that Mattingly could perform sedentary work. In 1984 Dr. Grantham found that Mattingly suffered only from very moderate low back pain. Although he concluded that she could not return to her past work at the distillery because lifting, carrying, and bending were contraindicated, Grantham found no definite evidence of any nerve root pressure in either leg. Similarly, a radiologist who took x-rays of Mattingly for Dr. Grantham in February 1984 found degenerative disc disease scattered throughout her lumbar spine, but described it as "mild."
 
 
 9
 Two years later, in a letter of February 21, 1986, Dr. Grantham reevaluated Mattingly's condition. He noted her apparent pain as she sat in his office and a slight limp in her left leg when she walked. Tests revealed a marked limitation of straight leg raising, moderate limitation of lateral bending, and marked limitation of forward bending at the hips. At that time Grantham opined that Mattingly had a "very unstable low back" and that she was certainly disabled regarding her past work.
 
 
 10
 Dr. Sexton treated Mattingly from March 1983 through January 1986 and in February 1986 reported results of an examination conducted the prior month. Sexton found that while Mattingly sat with ease and displayed a fair cervical range of motion, her lumbar range of motion was poor. In addition, he found that she suffered from moderate paravertebral muscle spasms at rest and that x-rays taken in December 1985 showed the formation of arthritic spurs. Sexton concluded: "In my opinion, the patient is totally disabled and it is undetermined as to how long she will remain that way."
 
 
 11
 It is well settled that the ultimate determination of disability rests with the Secretary rather than with treating physicians. Accordingly, the Secretary is not bound by a treating physician's conclusory statement. Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 855 (6th Cir.1986). In this case, however, Drs. Grantham and Sexton based their 1986 conclusions on objective clinical findings and on x-ray results. Mattingly's own testimony at the February 1986 administrative hearing also supports the conclusion that her condition was progressively degenerative. The medical evidence is essentially in agreement that, while as late as 1984 Mattingly suffered only mild or very moderate disc disease, by 1986 her condition had deteriorated. Although the ALJ's finding that Mattingly's complaints regarding the severity of her pain and her functional limitations were not credible should not be discarded lightly, Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir.1984), in this case we do not believe that the credibility finding alone provides substantial evidence that Mattingly retained the capacity to perform sedentary work after 1985. Nor are we persuaded that the objective evidence[1] cited by the ALJ in support of his credibility finding provides sufficient evidence of an ability to perform sedentary work.
 
 
 12
 In this case we believe that, by the end of 1985, Mattingly had satisfied the test of Duncan v. Secretary of Health and Human Services, 801 F.2d 847 (6th Cir.1986), for establishing disability and that her condition by then had deteriorated rendering her disabled. Therefore, while we affirm the Secretary's denial of benefits through the end of 1985, we find that Mattingly has proven her subsequent entitlement to disability benefits as of January 1, 1986. Accordingly, we reverse the Secretary's denial of benefits for the period following January 1, 1986, and order that benefits be paid from that date.
 
 
 
 *
 The Honorable Horace W. Gilmore, U.S. District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 In the ALJ's opinion on remand, the ALJ pointed to the following four pieces of evidence, aside from Mattingly's demeanor at the hearing, that supported his credibility finding: (1) Mattingly did not require "particularly strong" pain medication; (2) she had not experienced any involuntary weight loss resulting from her pain; (3) she had never worn a back brace; and (4) Dr. Sexton was unable to document any motor sensory deficit in his January 1986 examination. While this evidence is consistent with an ability to perform sedentary work, it is not inconsistent with total disability resulting from continual and distracting back pain. In particular, we note that the ALJ ignored Mattingly's testimony that her physicians expressly instructed her not to wear a back brace because it would tend to weaken the muscles in her back