865 F.2d 1268
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Delbert JAMES, Plaintiff-Appellee,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellant.
 No. 87-2111.
 United States Court of Appeals, Sixth Circuit.
 Jan. 9, 1989.
 
 Before MERRITT and RYAN, Circuit Judges, and NICHOLAS WALINSKI, Senior District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Defendant-appellant Secretary of Health and Human Services appeals the district court judgment granting plaintiff-appellee Delbert James's claim for Social Security disability insurance benefits under 42 U.S.C. Sec. 423. The district court's grant of benefits reversed the Administrative Law Judge's decision denying benefits, which had been approved by the Appeals Council and recommended for affirmance by the Magistrate. Because we find that substantial record evidence supports the ALJ's finding that plaintiff was not disabled, we reverse the judgment of the district court.
 
 
 2
 James, who was forty-six years old at the time of the administrative hearing, has an eighth grade education and his past relevant work was as a dry cleaner and spot remover. In May 1985, James applied for disability insurance benefits, claiming he became disabled in November 1984 due to club feet and an injured left hip.
 
 
 3
 The Social Security Administration denied James's application for benefits initially and on reconsideration. In April 1986, an Administrative Law Judge conducted a de novo hearing and considered plaintiff's testimony, the testimony of a vocational expert, and medical evidence, including reports from plaintiff's treating physician, Dr. Hira E. Branch, and from a consulting physician, Dr. Glafkos Theodoulou. The ALJ found that although James could not perform his past relevant work, he had the residual functional capacity to perform sedentary work that allowed a sit-stand option. The vocational expert testified that there were a significant number of such jobs in the regional economy. Thus, the ALJ found plaintiff not disabled under 20 C.F.R. Sec. 404.1520(f) and denied his claim for disability insurance benefits.
 
 
 4
 In November 1986, the Appeals Council approved the ALJ's decision as the final decision of the Secretary, and in January 1987, plaintiff brought this action under 42 U.S.C. Sec. 405(g) for judicial review of the Secretary's decision. The action was referred to a United States Magistrate who issued a report in June 1987 recommending that the Secretary's decision be affirmed. However, in a memorandum opinion and order dated September 22, 1987, the district court held that there was not substantial record evidence to support the ALJ's finding that plaintiff could perform a limited range of sedentary work. Therefore, the district court held that plaintiff was disabled and entitled to disability insurance benefits. This appeal followed.
 
 
 5
 The scope of judicial review of a decision of the Secretary to grant or deny disability insurance benefits is well established.
 
 
 6
 Pursuant to 42 U.S.C. Sec. 405(g), judicial review of the Secretary's decision is limited to determining whether there is substantial evidence in the record to support the decision. The reviewing court "may not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984). The Secretary is charged with finding the facts relevant to an application for disability benefits, and the Secretary's findings, if supported by substantial evidence, are conclusive. 42 U.S.C. Sec. 405(g).
 
 
 7
 Murphy v. Secretary of Health & Human Services, 801 F.2d 182, 184 (6th Cir.1986). This deferential standard of review
 
 
 8
 allows for a case in appropriate circumstances to be decided either way on the same record. The fact that a record may also possess substantial evidence to support a different conclusion than that reached by the ALJ or that a reviewing judge might have decided the case differently is irrelevant.
 
 
 9
 Crisp v. Secretary of Health & Human Services, 790 F.2d 450, 453 n. 4 (6th Cir.1986).
 
 
 10
 Plaintiff claims that he lacks the residual functional capacity to engage in substantial gainful activity because of pain, which he claims prevents him from performing even sedentary work with a sit-stand option. Under 42 U.S.C. Sec. 423(d)(5)(A),[1] a claimant's complaints of disabling pain are not sufficient to support a finding of disability.
 
 
 11
 An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability.
 
 
 12
 42 U.S.C.A. Sec. 423(d)(5)(A) (West Supp.1988). In Duncan v. Secretary of Health & Human Services, 801 F.2d 847 (6th Cir.1986), this court articulated a two-pronged test under Sec. 423(d)(5)(A) for evaluating subjective complaints of pain.
 
 
 13
 First we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.... As with any other fact-finding, our review is limited to ensuring that substantial evidence supports the findings.
 
 
 14
 Id. at 853. In evaluating claims of disabling pain, the ALJ's opportunity to observe the claimant should be given great weight:
 
 
 15
 [T]olerance of pain is a highly individual matter and a determination of disability based on pain by necessity depends largely on the credibility of the claimant. Since the A.L.J. had the opportunity to observe the demeanor of the appellant, his conclusions with respect to credibility "should not be discarded lightly."
 
 
 16
 Houston v. Secretary of Health & Human Services, 736 F.2d 365, 367 (6th Cir.1984) (citation omitted). As this court recently noted, "[d]etermination of disability from pain is peculiarly within the province of the ALJ." Villarreal v. Secretary of Health & Human Services, 818 F.2d 461, 464 (6th Cir.1987).
 
 
 17
 Applying the Duncan two-pronged test under Sec. 423(d)(5)(A) to plaintiff's claims of disabling pain, there is substantial record evidence supporting the first prong-objective medical evidence of an underlying medical condition. It is uncontradicted that James had degenerative arthritis in his left hip, and that he has club feet.
 
 
 18
 Under the second prong of the Duncan test, the issue is whether "(1) ... objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) ... the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain." Duncan, 801 F.2d at 853. The ALJ found that plaintiff's complaints of disabling pain were "not ... substantiated by the clinical medical evidence ..., the observations of the [ALJ] or the observations of the physicians." ALJ decision at 7. This is tantamount to a finding that plaintiff did not satisfy the second prong of the Duncan analysis. See Duncan, 801 F.2d at 853.
 
 
 19
 We find that substantial record evidence supports the ALJ's finding that plaintiff's claims of pain were not supported by objective evidence. Plaintiff's treating physician, Dr. Hira E. Branch, reported in June 1985:
 
 
 20
 I explained that he is disabled as far as walking [or] climbing [or] squatting is concerned, but he is not disabled as far as sitting and doing things.... The left hip has gross limitation of motions. Otherwise heart [and] lungs and abdomen are good. Upper extremities and right lower extremity function.
 
 
 21
 Joint App. at 106. In July 1985, Dr. Branch reported:
 
 
 22
 He walks easily. Clinically he is better and thinks he feels much better. He moves quickly.
 
 
 23
 Joint App. at 107. It is true that subsequently Dr. Branch apparently changed his conclusion as to plaintiff's disability. In a deposition in April 1986, he was asked by plaintiff's counsel, "Do you think he is disabled from any work which would require him to stand or sit for long periods of time or walk any distance," to which he responded, "Yes." Joint App. at 130. However, this contrary opinion does not prevent a finding of substantial evidence in support of the ALJ's decision. Nowhere in his deposition testimony did Dr. Branch provide a basis for his apparent change in medical opinion from July 1985 to April 1986. The ALJ could properly refuse to credit this opinion in light of Dr. Branch's prior reports and other contrary evidence discussed below. See Villarreal, 818 F.2d at 463; Duncan, 801 F.2d at 855.
 
 
 24
 Further record evidence supporting the ALJ's finding that plaintiff's claims of disabling pain were not supported by medical evidence is found in the report of Dr. Glafkos Theodoulou, a consulting physician who examined plaintiff in July 1985. Dr. Theodoulou reported that although X-rays showed obvious deformity and degenerative arthritic changes in plaintiff's hip, plaintiff was able to rise from a chair without difficulty and walked with only a slight limp. He further noted:
 
 
 25
 In spite of the condition in his hip and the club feet, the patient was able to work all his life in the standing position as a presser in dry cleaning stores.
 
 
 26
 The patient presently complains of pain in his feet and left hip if he stands for more than two hours but he is able to drive his car and go to shopping centers. He does not use a cane or any other support.
 
 
 27
 There was no neurological deficit in the lower extremities.
 
 
 28
 Joint App. at 112-13.
 
 
 29
 In addition to medical evidence, the ALJ could also have properly considered James's testimony at the administrative hearing. He stated that his activities included visiting friends, going out to eat, a weekend trip, and walking a block-and-a-half to the grocery store.
 
 
 30
 Based on the record evidence considered as a whole, and giving weight to the ALJ's opportunity to observe the plaintiff, there is substantial record evidence supporting the ALJ's finding that plaintiff's complaints of disabling pain were not supported by objective evidence. Accordingly, the ALJ's finding that plaintiff retained the residual functional capacity to perform a limited range of sedentary work is supported by substantial evidence. The proper scope of the district court's review of the ALJ's decision is to determine if the decision is supported by substantial record evidence, not to make a de novo determination. As this court has stated, a record may include substantial evidence to support both the ALJ's conclusion and another conclusion. Crisp, 790 F.2d at 453 n. 4. Yet if the ALJ's determination is supported by substantial evidence, it must be affirmed even if a reviewing court would have decided the claim differently. Therefore, because substantial record evidence supports the ALJ's finding that plaintiff retained the residual functional capacity to perform a limited range of sedentary work, the district court decision reversing the Secretary's decision and granting disability insurance benefits is REVERSED.
 
 
 
 *
 The Honorable Nicholas J. Walinski, Senior Judge for the United States District Court, Northern District of Ohio, sitting by designation
 
 
 [1]
 As noted by the district court, Sec. 423(d)(5)(A) is subject to a sunset provision: It applies only "to determinations made prior to January 1, 1987." 98 Stat. at 1799. Because the decision of the ALJ was approved by the Appeals Council as the determination of the Secretary in November 1986, Sec. 423(d)(5)(A) is applicable in this case