875 F.2d 865
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Betty J. LAVELY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-5838.
 United States Court of Appeals, Sixth Circuit.
 May 25, 1989.
 
 Before NATHANIEL R. JONES, WELLFORD and RALPH B. GUY, Jr., Circuit Judges.
 PER CURIAM.
 
 
 1
 The plaintiff-appellant, Betty J. Lavely (Lavely), appeals from the district court's judgment affirming the Secretary's denial of social security disability insurance benefits. Because we find that substantial evidence supports the Secretary's decision, we affirm the district court's judgment.
 
 I.
 
 2
 Lavely is a forty-nine year old woman with an eighth grade education. She stands approximately five feet three inches tall, and weighs approximately 200 pounds. Her past relevant work was as an assembly line worker at the General Electric (GE) plant in Louisville, Kentucky.
 
 
 3
 In September 1985, Lavely filed an application for disability insurance benefits with the Social Security Administration (SSA), alleging that she became disabled in February 1984 because of persistent respiratory problems, "tennis elbow," pain in her lower back and tailbone, and numbness in her hands and fingers. Her application was denied by the SSA upon initial consideration and upon reconsideration. Lavely then pressed her claims at a hearing before an administrative law judge (ALJ).
 
 
 4
 Lavely testified at the administrative hearing, as did her close friend and housekeeper, Betty Goodman, and a vocational expert, Dr. Joel S. Dill. Lavely stated that she stopped working in February 1984 because she experiences a persistent burning pain in her right elbow when she puts pressure on her right thumb and/or forefinger. Apparently, Lavely's job duties at GE required her to grasp objects on a regular basis, thereby causing her to experience the pain in her elbow fairly regularly. Lavely also testified that she suffers from serious respiratory problems which have worsened since she stopped working. Lavely stated that her respiratory problems preclude her from performing most of her household chores, and that whenever she performs even minor chores, she must lay down for approximately 30 minutes. Lavely also stated that her breathing problems require her to stay in air conditioned environments, and that she coughs almost constantly. Regarding her alleged problems with numbness, Lavely stated that her hands, feet and legs "go to sleep" every night; however, she stated that she does not experience any numbness during the day. Lavely also stated that she experiences severe pain in her lower back and tailbone, which extends to her lower extremities, whenever she sits or stands for more than 15 or 20 minutes.
 
 
 5
 Betty Goodman generally confirmed Lavely's testimony that she (Lavely) cannot perform any significant physical activity, primarily because of her respiratory problems. Goodman stated that she performs most of Lavely's household chores, and that Lavely becomes easily fatigued if she attempts to help.
 
 
 6
 Dr. Dill stated at the administrative hearing that if Lavely's testimony were accepted in all respects, she would not be able to engage in substantial, gainful work activity. He cited as the vocationally preclusive factors "the constant coughing, the severe breathing problems, [and] the difficulty in standing [and] sitting for more than very short periods of time." J.App. at 57. However, when asked by the ALJ to assume that Lavely's coughing spells could be controlled with medication; that she could sit with the use of a seat pad; that her back pain was not "severe or distracting"; that she could use her hands for "repetitive actions" during the day; and that she could not work in the vicinity of pollutants, Dr. Dill opined that there were approximately 2,000 jobs in the local economy that Lavely could perform.
 
 
 7
 On September 22, 1987, the ALJ rendered his decision denying Lavely's application. The ALJ found that Lavely suffered from obesity, asthma and back pain, but that she did not have an impairment, or a combination of impairments, equivalent to those listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (1988). Because of her respiratory problems, the ALJ found that Lavely was required to work in a "clean air environment." He therefore concluded that she could not return to her past relevant work as an assembly line worker. However, relying upon the testimony of Dr. Dill, the ALJ determined that Lavely retained the residual functional capacity to perform a significant number of jobs in "clean air environments" within the "sedentary" and "light" work categories. The ALJ therefore denied Lavely's application for disability benefits, and the Appeals Council declined to review that decision. The ALJ's ruling thus became the Secretary's final decision.
 
 
 8
 Lavely then filed a complaint in federal district court, seeking judicial review of the Secretary's decision. The matter was referred to a magistrate for findings of fact, conclusions of law, and recommendations pursuant to 28 U.S.C. Sec. 636(b)(1)(B) (1982). On May 19, 1988, the magistrate issued his recommended decision that the Secretary's motion for summary judgment be granted. Thereafter, on June 13, 1988, the district court filed an order accepting the magistrate's recommendation and dismissing Lavely's complaint. This timely appeal followed.
 
 II.
 
 9
 It is well settled that when substantial evidence supports the Secretary's denial of disability insurance benefits, the Secretary's decision must be upheld. Richardson v. Perales, 402 U.S. 389 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. at 401. In reviewing the Secretary's decision under this standard, we may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984). Our sole task is to determine whether the Secretary's decision is reasonable, in light of the evidence presented.
 
 
 10
 Upon consideration, we conclude that the Secretary's decision is supported by substantial evidence. While Lavely contends that she suffers from various disabling conditions, she has presented no objective medical evidence supporting her claim of total disability. For example, Dr. Gaw's medical report, which is heavily relied upon by Lavely, states that "[s]he is in no obvious distress," that "[s]he has moderate soreness ... in the sacral area," and that "[s]he also has some tenderness over the tip of the coccyx but not a tremendous amount." J.App. at 185 (emphasis added). Similarly, Lavely's respiratory problems have repeatedly been described moderately severe by her treating physicians. See, e.g. J.App. at 130 (Medical Report of Dr. Simpao stating that "[v]enilatory studies showed evidence of a moderate degree of obstructive airway disease"); id. at 152-54 (Medical Report of Dr. Larsen diagnosing "[a]llergic respiratory disease, moderately severe"). In addition, the ALJ expressly considered Lavely's allegations of constant coughing spells and numbness in her hands and fingers in making his disability determination. Since Lavely presented no medical evidence showing that these conditions were of a disabling degree of severity, the ALJ did not err in refusing to treat them as such. Finally, because the ALJ sua sponte addressed Lavely's obesity, and because Lavely presented no medical evidence concerning the limiting effects of this condition, we decline to disturb the ALJ's finding on this issue.
 
 
 11
 Lavely contends that the ALJ improperly used the medical-vocational guidelines in making his disability determination, given that she suffers from documented non-exertional impairments. However, given the testimony of Dr. Dill at the administrative hearing, and the fact that the ALJ expressly considered Lavely's "clean air" non-exertional limitation, we conclude that the ALJ properly used the medical-vocational guidelines as a framework for making his disability determination. See 20 C.F.R. Pt. 404, Subpt. P, App. 2, Sec. 200.00(e)(2) (1988).
 
 
 12
 In sum, because the record evidence supports the ALJ's determination that Lavely's impairments are not totally disabling, we conclude that the Secretary's decision is supported by substantial evidence. Accordingly, we AFFIRM the district court's decision.