888 F.2d 1391
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert N. HOLSTEIN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 89-1257.
 United States Court of Appeals, Sixth Circuit.
 Nov. 8, 1989.
 
 Before NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges, and WILLIAM O. BERTELSMAN, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant-appellant, Robert N. Holstein appeals the judgment of the district court affirming the Secretary's denial of benefits from the period of 1981 until September 2, 1986.
 
 I.
 
 2
 Robert Holstein was born on May 12, 1944. He is 5'7" tall and weighs 164 lbs. He received a GED in 1977. His past relevant work includes cab driver, truck repairman, and assembly line worker with General Motors. He also worked as a maintenance worker for the Salvation Army for 4 months in 1981, however this was not considered part of his past relevant work.
 
 
 3
 During the 1970's Holstein was hospitalized at various times for treatment of alcholism and related complications, such as gastritis. In 1977, he was treated in an emergency room for delusions and there is mention in the records of referral to a mental institution. In 1979 Holstein sustained a head injury in an automobile accident.
 
 
 4
 Holstein maintains that he has not had a drink since 1980 and has attended AA meetings regularly. He claims that his abuse of alcohol was caused by pressures on the job while he was employed by General Motors. He also claims he has received death threats from General Motors in retaliation for filing a worker's compensation claim against them, and that his barber and pharmacist monitor his behavior for GM.
 
 
 5
 Holstein further maintains he has suffered from anxiety for 16 years prior to his January 1987 hearing. He stated that his nerves give him problems if he is physically active, so he tries to remain still during the day. He also stated that he is easily fatigued but is able to dress himself and eat three small meals daily. He tries to walk at least once a day. He occasionally attends rummage sales or visits friends. He naps during the day and sleeps 5-6 hours a night.
 
 
 6
 Holstein filed a claim for Social Security Insurance on September 21, 1983. He applied for a period of disability and disability insurance benefits on October 25, 1983. He claimed he was disabled because of psychological problems stemming from his alcoholism, and back and neck pain. The applications were denied initially and on reconsideration. Three separate administrative hearings were held. On July 31, 1987, the third ALJ found that Holstein was not entitled to disability insurance benefits and that he was entitled to SSI only as of September 2, 1987.
 
 
 7
 The Appeals Council adopted the ALJ's recommendations with modifications, finding that Holstein was entitled to SSI as of September 2, 1986. The Appeals Council also found that Holstein's complaints were not fully credible to the extent that they prevented him from performing his past relevant work prior to September 2, 1986. However, the Appeals Council found that after that date, Holstein's nonexertional limitations prevented him from making the adjustment necessary to work at jobs in the national economy which are commensurate with his skill level. This became the final decision of the Secretary.
 
 
 8
 Holstein then commenced an action in United States District Court for the Eastern District of Michigan, Judge James P. Churchill, presiding. The action was assigned to Magistrate Virginia Morgan for report and recommendation. Magistrate Morgan found that Holstein's claim that his mental impairments began in 1981 is not supported by the objective evidence supplied by any of his treating physicians or medical records. Magistrate Morgan recommended that the Secretary's decision be upheld. The district court adopted the magistrate's report as the opinion of the court. Holstein then filed timely notice of appeal, proceeding pro se.
 
 II.
 
 9
 On appeal, Holstein argues that the medical evidence does not support the Secretary's decision that his disability did not set in until September 2, 1986. Holstein claims he was disabled prior to 1986 because of psychological problems stemming from his alcoholism. Once the Secretary makes a determination regarding an issue of coverage, these findings of fact are binding if supported by substantial evidence. Judicial review is limited to determining whether there is substantial evidence in the record to support the Secretary's findings, and whether the Secretary employed proper legal criteria in reaching his decision. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984).
 
 
 10
 From the time Holstein stopped drinking in 1980 until 1986, no physician who examined him found a mental impairment other than anxiety. Holstein did not seek psychological treatment during that time. All of the evidence on the record shows an absence of hospitalizations, ongoing psychiatric treatment, or psychological treatment during the period between 1981 and 1986. Because the only evidence in the record of Holstein's psychological problems prior to 1986 was directly related to alcohol abuse, we find that there is substantial evidence to support the Secretary's decision that Holstein was not entitled to benefits prior to 1986.
 
 III.
 
 11
 For the reasons stated above, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation