904 F.2d 709
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Emanuel WILLIAMS, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary Department of Health and Human
Services, Defendant-Appellee.
 No. 89-3796.
 United States Court of Appeals, Sixth Circuit.
 June 6, 1990.
 
 Before NATHANIEL R. JONES, KRUPANSKY and DAVID A. NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Emanuel Williams appeals the Secretary's decision denying him both disability benefits under 42 U.S.C. Secs. 416(1) and 423 (1982) and supplemental security income ("SSI") benefits under 42 U.S.C. Sec. 1382.
 
 I.
 
 2
 Williams filed an application for disability and SSI on February 26, 1987, alleging that he became unable to work on September 1, 1985 due to lower back problems. These applications were denied initially and upon reconsideration. Emanuel Williams was born on March 17, 1943 and was 45 years old at the time of the ALJ's decision. He completed the eleventh grade. His past relevant work was as a head houseman in a hotel and a dishwashing machine operator. He quit working in September of 1985, complaining of lower back pain. His activities include fishing, watching television, doing back exercises, and visiting with friends who come to his home.
 
 
 3
 In August 1985, he complained of low back pain radiating down his leg and causing numbness in his great toe. A physical examination revealed no muscle spasms or tenderness, and a bone scan was interpreted as normal. On April 15, 1987, Dr. James Kennedy examined Williams on behalf of the Secretary. He reported Williams walked with a normal gait and stood erect. He also stated there was no pain on palpitation of Williams lumbar spine, and no muscle tenderness or atrophy. Dr. Kennedy noted Williams' straight leg raising was negative, but the tiptoe test was positive on the right. X-rays of Williams' lumbosacral spine revealed well-maintained disc spaces with no spondylolisthesis. A CT scan and myelogram revealed only minor defects in the L4-L5 and L5-S1 disc spaces. Dr. Kennedy opined that Williams had mild degenerative changes in his lumbar spine and arterial calcification.
 
 
 4
 On October 12, 1987, Williams was hospitalized for low back pain radiating to the right leg. A myelogram showed vague extradural effect on the right side at L4-L5 and a partially narrowed disc space at LS-S1. The CT scan showed no herniation. However, Williams underwent a non-invasive peripheral vascular evaluation on October 15, 1987, which revealed arterial insufficiency of the right lower leg due to iliac femoral occlusive disease. An aorto-bifemoral and bi-iliac bypass was performed successfully on October 21, 1987 which relieved the pain in his leg.
 
 
 5
 A hearing was held before an ALJ on December 17, 1987. On October 15, 1988, the ALJ found that Williams' complaints of back pain were not supported by the objective medical evidence, and that he was not disabled. The ALJ found Williams' allegations of pain contrary to his medical records and daily activities. The ALJ also noted that both the CT scan and the myleogram failed to indicate any nerve root impingement, and that lack of muscle wasting and normal reflexes were inconsistent with Williams' claims of severe pain. The Appeals Council approved that decision on February 7, 1989, making it the final decision of the Secretary.
 
 
 6
 On March 13, 1989, Williams filed a complaint in United States District Court for the Northern District of Ohio. The case was referred to Magistrate Charles Laurie pursuant to 28 U.S.C. Sec. 636(c) (1982). In a Memorandum Opinion and Order dated August 10, 1989, the magistrate held that the Secretary's decision was based on substantial evidence. The parties agreed that the magistrate's decision would be directly appealable to this court. Williams filed timely notice of appeal on August 25, 1989.
 
 II.
 
 7
 Williams asserts that the magistrate erred in affirming the decision of the Secretary on the grounds that he fully met the standard for disabling pain as established in Duncan v. Secretary, Health and Human Services, 801 F.2d 847, 853 (6th Cir.1986). Under Duncan
 
 
 8
 First, we examine whether there is objective medical evidence of an underlying condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.
 
 
 9
 The district court found that while the diagnosis that Williams suffered from mild degenerative changes in the lumbrosacral spine satisfied the first prong of the Duncan test, there was insufficient evidence to confirm the severity of pain Williams claimed. Subjective claims of incapacitating symptoms do not constitute evidence of disability unless adequately supported by objective medical evidence. Gaffney v. Bowen, 825 F.2d 98, 101 (6th Cir.1987).
 
 
 10
 At oral argument, Williams stated that both the district court and the ALJ erred in determining that his claims based on severe disabling pain were not fully credible because they were not supported by objective medical evidence. He argues that the vascular condition for which he was operated is objective medical evidence which supports his allegations of pain. He also maintains that he should have been awarded disability from six months after he ceased to work (because he was receiving unemployment benefits) until the time when the aorto-bifemoral bypass surgery relieved his disabling pain. Williams notes that his treating physicians ordered the CT scan and myelogram tests on his back and spine as a method of determining the source of his pain, and that the fact that these tests show only mild degenerative changes in his lower back does not negate his claims of disabling back and leg pain due to iliac femoral occlusive disease.
 
 
 11
 A reviewing court must uphold a decision of the Secretary if substantial evidence in the record as a whole supports that decision. 42 U.S.C. Sec. 405(g); McCormick v. Secretary of Health and Human Services, 861 F.2d 998, 1001 (6th Cir.1988). Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971). The court may not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984). The court must affirm a decision which is supported by substantial evidence even if it would resolve the factual issues differently. Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir.1987). Similarly, an administrative decision is not subject to reversal simply because substantial evidence would have supported an opposite conclusion. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1988).
 
 
 12
 We agree with the district court's conclusions that based on the medical evidence of Williams' back and spine condition, he is not disabled and can perform light work. However, this court cannot address Williams' claims that he was disabled due to his vascular condition. We simply do not have an ample record before us to determine whether iliac femoral occlusive disease can be the cause of the symptoms and disabling pain Williams claims he suffered. Thus, we remand the case to the Secretary for an evaluation of this claim.
 
 III.
 
 13
 For the above-stated reasons, we REVERSE the judgment of the district court and REMAND the case with instructions to return the case to the Secretary for reevaluation consistent with this opinion.