23 F.3d 407
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Betty McCLERKIN, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-6301.
 United States Court of Appeals, Sixth Circuit.
 April 28, 1994.
 
 Before: MILBURN and GUY, Circuit Judges, and TIMBERS, Senior Circuit Judge.*
 
 ORDER
 
 1
 Betty McClerkin, a social security claimant represented by counsel, appeals a district court judgment affirming the Secretary's denial of social security disability insurance and supplemental security income benefits. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 McClerkin filed her applications for disability benefits alleging a disability since January 7, 1991, due to multiple impairments and symptoms. Following a hearing, an administrative law judge (ALJ) determined that McClerkin was not disabled because she had the residual functional capacity to perform a significant number of jobs in the economy.
 
 
 3
 McClerkin then sought judicial review of the Secretary's decision. A magistrate judge recommended granting summary judgment in favor of the Secretary. In her timely objections, McClerkin alleged that the magistrate judge failed to properly consider her subjective complaints in accordance with the law, she challenged the vocational expert's testimony and the ALJ's hypothetical question posed to the vocational expert. The district court accepted the recommendation of the magistrate judge and dismissed the case, indicating that the magistrate judge's report was adopted in all respects.
 
 
 4
 On appeal, McClerkin argues that the Secretary's decision is not supported by substantial evidence because the ALJ's evaluation of her subjective complaints was not in accordance with Sixth Circuit precedent and the administrative regulations. She also argues that the district court erred in not addressing her specific objections to the magistrate judge's report regarding the evaluation of her subjective symptomatology which she alleged was never considered by the magistrate judge. She does not raise her challenge to the vocational expert's testimony.
 
 
 5
 Initially, we note that to the extent McClerkin failed to raise on appeal her challenge to the vocational expert's testimony, any such argument is abandoned and therefore not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986). We also note that the magistrate judge did consider McClerkin's subjective complaints and the district court did not err in its review of McClerkin's case. A reviewing court may not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility. See Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984).
 
 
 6
 Upon review, we conclude that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam). The Secretary properly evaluated McClerkin's subjective complaints in accordance with Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 853 (6th Cir.1986).
 
 
 7
 Accordingly, we affirm the district court's judgment.
 
 
 
 *
 The Honorable William H. Timbers, Senior Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation