**TELESPECTRUM, INC., Plaintiff,**

v.

**PUBLIC SERVICE COMMISSION OF KENTUCKY and Donald and Connie Chambers, Defendants.**

No. Civ.A. 98–62.

United States District Court,
E.D. Kentucky,
Frankfort Division.

April 8, 1999.

**756**

Margaret Ruth Appenfelder, Stites & Harbison, Louisville, KY, Mark R. Overstreet, Jason P. Thomas, Stites & Harbison, Frankfort, KY, for plaintiff.

Deborah Tully Eversole, Amy E. Dougherty, Public Service Commission of Kentucky, Frankfort, KY, George C. Howell, Hall & Lowell, Ashland, KY, for Defendants.

## MEMORANDUM OPINION AND ORDER

HOOD, District Judge.

This matter is before the Court on Plaintiff's motion for summary judgment [Record No. 30]. Oral arguments were held in this matter on April 6, 1999 in Frankfort, Kentucky. Prior to said oral arguments, the parties briefed all issues in this case. Fully informed, the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

This case involves the Telecommunications Act of 1996, 47 U.S.C. § 332 (hereinafter "Act"). On September 25, 1997, Plaintiff filed an application for a Certificate of Public Convenience and Necessity with the Public Service Commission of Kentucky (hereinafter "PSC"). The purpose of this application was to get approval for Plaintiff to construct a 180 foot cellular telecommunications tower to be located in Olive Hill, Kentucky. With attached antennae and appurtenances, the total height of said structure would be 199 feet. This tower was to be located on land leased from Donald and Mary Bond who are not involved in the case at bar. Plaintiff states that it concluded such tower is needed because of the lack of cellular communication coverage for that area. This conclusion was formed with the help of a computer modeling tool.

Before selecting the site on the Bond property, Plaintiff investigated six other possible sites for the tower. Upon further field investigation and computer modeling, it was determined that those sites were not available due to inaccessibility, inadequacy in coverage, or unwillingness by the landowners to lease the land.

Defendants Donald and Connie Chambers reside approximately 360 feet from the tower and their property line comes within 50 feet of same. The Chambers strongly opposed the location of the tower because of concerns for their health and the possible decline in their property value. They were permitted to intervene in the application hearing by the PSC. In response to these concerns, Plaintiff presented evidence at the hearing that the emissions from the tower would be less than two percent of the level permitted under federal law. Additionally, Plaintiff presented testimony of a licensed appraiser and an affidavit of an engineer that the tower would not decrease the market value of the Chambers' home.

Donald Chambers argued at the PSC hearing that the tower site could be located elsewhere away from the property owned by him and his wife. The only evidence presented to support this notion was four photographs taken by Mr. Chambers while driving down Interstate 64. Based on Mr. Chambers's testimony that the tower could be located elsewhere, the PSC, on June 25, 1998, ordered Plaintiff to investigate other possible sites for the location of the tower. The PSC cited its awareness of and sensitivity to the "concerns of the residents and landowners whose property is affected" by the potential tower.

Plaintiff filed suit before this Court against both the PSC and the Chambers on July 23, 1998.

## CONCLUSIONS OF LAW

### I. Jurisdictional issue

■ It is the PSC's contention that this Court lacks subject matter jurisdiction in the above-styled action because there has been no final action by the PSC within the meaning of the Act under 47 U.S.C. § 332(c)(7)(B)(v). Said statute provides, in pertinent part, as follows:

Any person adversely affected by any final action or failure to act by a State or local government or any instrumentality thereof that is inconsistent with this subparagraph may, within 30 days after such action or failure to act, commence an action in any court of competent jurisdiction.

Because the PSC's order contained the language that it would continue the case and that Plaintiff should seek other locations for the tower site, the PSC states that there has been no final action in this matter and the plaintiff is acting prematurely in filing its claim.

To the contrary, this Court determines that there has been final action by the PSC. To hold otherwise would leave Plaintiff with no recourse as it would have to disprove the Chambers' claim without any opportunity of recouping the expense of searching for yet another tower site. The decision by the PSC was final in that it required Plaintiff to do an additional investigation or the application would be denied. Plaintiff had already investigated six other sites for placement of the tower and none of them sufficiently met Plaintiff's needs. The Court finds finality in the PSC's order and therefore subject matter jurisdiction exists in this case.

### II. Substantial evidence issue

■ The standard of review of the PSC's June 25, 1998 order is whether the PSC based its conclusion upon substantial evidence. *See R.P. Carbone Construction Co. v. Occupational Safety and Health Review Comm.*, 166 F.3d 815 (6th Cir. 1998). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *see Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir.1984). It requires the Court to take the evidence in the record as a whole, rather than improperly focus on a single piece of evidence while disregarding other pertinent evidence. *See Ellis v. Schweicker*, 739 F.2d 245, 249 (6th Cir.1984).

■ The PSC argues that K.R.S. 278.650(4) gives it the power when approving or denying an application for a antenna tower to "take into account in its deliberations the character of the general area concerned, and the likely effects of the installation on nearby land uses and values." The Court does not dispute that the PSC is permitted to consider such matters when rendering a decision on tower applications. However, that issue is not before this Court. Instead, the issue at hand is one of sufficiency of evidence upon which the decision by the PSC was based. Specifically, this Court must determine whether Mr. Chambers's mere statement that other sites for a tower were available is substantial evidence as a reasonable mind might accept as adequate to support the PSC's decision to require the plaintiff to do additional investigation less its application be denied. Plaintiff argues that the record is devoid of any such substantial evidence.

In support of its order, the PSC relies on *AT&T Wireless PCS, Inc. v. City Council of the City of Virginia Beach*, 155 F.3d 423 (4th Cir.1998). *Virginia Beach* held that substantial evidence existed for a city council to deny the application for a communication tower based on opposition by a majority of the citizens. *See id.* at 424–25. Before the city council were numerous petitions opposing the application, a petition supporting the application, and letters to members of the council both for and

against same.[1] The general testimony of the area residents was that they felt that improved cellular service was not worth the eyesore of having "the towers looming over them." *Id.* at 425.

Several distinctions must be noted by this Court in regard to *Virginia Beach.* First and foremost, said case arises out of the Fourth Circuit and is not controlling on this Court. Second, the decision makers were members of the city council, and not a bureaucratic agency bound by the requirements of administrative law as in the case at bar. Finally, and most significant to this Court, is the enormous opposition by the townspeople of Virginia Beach compared to the opposition to Plaintiff's tower. Over 800 people residing in Virginia Beach voiced their concerns about the aesthetic effects of a tower on church property in a residential area. In the case at bar, the only opposition to a tower in a mostly undeveloped wooded area that was presented at the PSC hearing was the personal opinion of Mr. Chambers.

*Iowa Wireless Servs. L.P. v. City of Moline, Ill.,* 29 F.Supp.2d 915 (C.D.Ill. 1998) held that "concerns of citizens regarding potential aesthetic or economic effects" of a telecommunications tower "may amount to 'substantial' evidence in some circumstances"; however, generalized concerns of individuals are insufficient to rise to the level of substantial evidence as required by law. *Id.* at 922. The opposition in the aforementioned *Iowa Wireless* case consisted of concerns over the health effect of the radio transmissions. No actual evidence, other than mere conjecture, was presented. *See id.* at 921. It was discussed by the *Iowa Wireless* Court that numerous other district courts had determined that "generalized concerns of citizens [were] insufficient to rise to the level of substantial evidence." *Id.*

Additionally, in *PrimeCo Personal Commun., L.P. v. Village of Fox Lake,* 26 F.Supp.2d 1052 (N.D.Ill.1998), the district court held that "unsupported constituent testimony opposing cellular tower location generally will not satisfy the substantial evidence test." *Id.* at 1063. In the face of extensive evidence justifying the grant of a tower permit, "something more is required than mere constituent opposition" before denying an application. *Id.*

Further lending support to Plaintiff's position is *Petersburg Cellular Partnership v. Bd. of Supervisors of Nottoway County,* 29 F.Supp.2d 701 (E.D.Va.1998). In said case the district court held that to deny a permit "based upon [ ] substantively vague and numerically insubstantial opposition" would effectively nullify the 1996 Telecommunications Act. *Id.* at 706. Unsubstantiated safety concerns and general antagonism by four residents of the area where the tower site was proposed does not satisfy the substantial evidence required to make a decision to deny a permit. *See id.*

The Court finds that the district cases previously discussed are much more similar to the case at bar than is *Virginia Beach* presented by the PSC. The circumstances at hand show only generalized concerns and mere conjecture by the Chambers. The PSC was presented with extensive evidence by the plaintiff in support of that particular tower site. In comparison, only unsupported constituent testimony was presented by Mr. Chambers. The PSC's decision to require further investigation by the plaintiff fails to meet the substantial evidence requirement in order to avoid reversal by this Court.

Accordingly,

**IT IS ORDERED:**

(1) That Plaintiff's motion for summary judgment be, and the same hereby is, **GRANTED;**

---

1. In stark contrast to this case, one of the petitions opposing the application contained over 700 signatures; another petition opposing same contained approximately 90 signatures.

(2) That the June 25, 1998 order by the PSC be, and the same hereby is, **REVERSED**;

(3) That the PSC is hereby directed to immediately **ISSUE** a Certificate of Public Convenience and Necessity authorizing the plaintiff to construct the tower site in accordance with its application in PSC Case No. 97–394.