NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0422n.06

No. 12-3738

**FILED**

*Apr 26, 2013*

DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| KIMBERLY SNYDER, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| Plaintiff-Appellant, | ) | STATES DISTRICT COURT FOR THE |
| | ) | SOUTHERN DISTRICT OF OHIO |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

Before: COLE and DONALD, Circuit Judges; RUSSELL, Senior District Judge.[*]

RUSSELL, Senior District Judge. Plaintiff-Appellant Kimberly Snyder appeals the district court's judgment affirming the Commissioner's denial of Social Security disability insurance benefits and supplemental security income. Snyder initially applied for benefits in 2002 under Titles II and XVI of the Social Security Act. After an administrative denial and an administrative appeal, hearings were held before an administrative law judge, first in 2005 and 2006, and again on remand in 2010. The administrative law judge issued written decisions in both 2006 and 2010 finding Snyder not disabled and, therefore, not entitled to benefits. On a subsequent appeal to the district court below, the magistrate judge issued two reports, first recommending that Snyder's case be

---

[*] The Honorable Thomas B. Russell, United States Senior District Judge for the Western District of Kentucky, sitting by designation.

remanded for an immediate award of benefits and then, in a second supplemental report, recommending instead that the case be remanded for rehearing. The district court, after conducting a *de novo* review of the record, declined to adopt either of the magistrate's recommendations and instead affirmed the administrative law judge's nondisability finding and denial of benefits.

Snyder now appeals the district court's judgment, arguing that the Commissioner has waived his right to argue, or should be estopped from arguing, that the nondisability finding be affirmed; that the district court abused its discretion by conducting a *de novo* review; that the administrative law judge erred in his weighing of the opinions of her treating physicians; and that the vocational expert's testimony regarding whether Snyder could perform a significant number of jobs was deficient and not supported by substantial evidence.

We review the decision of a district court in a Social Security case *de novo*. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008). This Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Id.* (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). Rather, the Commissioner's decision must be affirmed unless the administrative law judge failed to apply the correct legal standard or made findings of fact unsupported by substantial evidence, based on the record as a whole. *Id.* (citing 42 U.S.C. § 405(g)). "Substantial evidence" means "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where substantial evidence exists, we will defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported the opposite conclusion." *Longworth v. Comm'r*

No. 12-3738
*Kimberly Snyder v. Comm'r of Soc. Sec..*

*Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005) (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)).

Having carefully reviewed the administrative record, the controlling case law, and the parties' appellate briefs, and having determined that oral argument was unnecessary, we agree with the district court's decision to affirm the administrative law judge's nondisability finding and denial of benefits. Because the district court thoroughly explained its decision, and because our issuance of a more detailed written opinion would be unnecessarily duplicative and would not enhance this court's jurisprudence, we AFFIRM for the reasons set forth in the district court's opinion.